**SPRAGUE v FRENCH**
**BRUCE v MORRIS**

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2712 & 2711. Decided April 23, 1937

Harrison & Marshman, Cleveland, for appellants.

Vorys, Sater, Seymour & Pease, Columbus, for appellees.

**OPINION**

By BARNES, PJ.

By stipulation the two cases are submitted together. The same question of law is involved in each. The briefs in case No. 2712 contain the full discussion. The briefs in No. 2711 make reference to case No. 2712. Both cases involved personal injuries through automobile collisions on U. S. Route No. 25 in Hancock County, but on different dates and different locations.

In No. 2711 the alleged accident and resultant injuries occurred on August 17, 1935, about 11:00 P. M. at or near the village of Mortimer, Ohio. The petition claims that the defendant Morris operated his automobile so carelessly and negligently as to come in contact with another automobile in which plaintiff was riding as a guest and that through the accident she was seriously and permanently injured, claiming damages in the sum of $35,000.00.

In No. 2712, the plaintiff Ben Sprague, 230 Locust Street, Findlay, Ohio, brings his action against Wyatt French of 1314 Duncan Street, Chattanooga, Tennessee. The petition alleges that on September 24, 1934, at about 6:45 A. M., while plaintiff was operating his car on U. S. Route 25 in the direction of Findlay, Ohio, and at a point commonly known as Powell's Church, the defendant recklessly and negligently operated his motor vehicle so as to come in collision with plaintiff's automobile, bringing about personal injuries of a serious and permanent character. Plaintiff prays

for damages in the sum of $20,000.00.

In each case, summons was issued to the sheriff of Franklin County, Ohio, with direction to serve on the Secretary of State, as provided by §6308-2, GC. The sheriff's return shows service was so made. It also appears that a true and attested copy of the summons was sent to the defendants in each case by registered mail postage prepaid, addressed to said defendants at their last known address.

In each case, the defendants, through their attorneys, appearing solely for the purpose of their motion and not entering their appearance or intending to enter their appearance in the action, moved the court for an order quashing the service of summons and setting aside the sheriff's return. In No. 2711 the motion was overruled and in No. 2712 the motion sustained. This apparent anomaly is due to the fact that the motions were submitted to different judges of the Franklin County courts. In No. 2711 the identical question was again raised by demurrer and the demurrer sustained.

Both cases are in this court on appeal on question of law.

Counsel for the respective parties have filed very illuminating briefs in support of their respective contentions.

It is the claim of counsel for plaintiff that the controlling venue statute is §11276, GC, the scope and meaning of which has been extended by §§6308-1 and 6308-2, GC. These sections read as follows:

"Sec 11276 GC. FURTHER PROVISIONS AS TO NON-RESIDENTS. An action other than one of those mentioned in §§11268, 11269, 11270 and 11271 GC against a non-resident of this state, or a foreign corporation, may be brought in any county in which there is property of, or debts owing to the defendant, or where such defendant is found, or where the cause of action or some part thereof, arose."

"Sec 6308-1 GC. SERVICE OF PROCESS UPON NON-RESIDENT OWNERS' OF MOTOR VEHICLES. Any non-resident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to non-resident operators and owners, of operating a motor vehicle or of having the same operated, within the state of Ohio, or any resident of this state being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a non-resident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the secretary of state of the state of Ohio his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state of Ohio against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved."

"Sec 6308-2 GC. PROCESS SERVED HOW AND BY WHOM. Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of state of the state of Ohio, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

Sec 11276 GC is a very old enactment and was formerly §5027 of the Revised Statutes.

Secs 6308-1 and 6308-2 GC are comparatively recent enactments, their effective date being June 1, 1933. It must be conceded that under the facts of the instant case, §11276, GC, standing alone, would not sustain the service on the Secretary of State in Franklin County and we might say, counsel for plaintiff makes no such claim.

Reducing §11276, GC, to the language pertinent, we have the following:

"An action * * * against a non-resident of this state * * * may be brought in any county * * * where such defendant is found." (Emphasis ours).

Of course, the defendants in neither case were found in Franklin County. May it be correctly determined that §§6308-1 and 6308-2 GC extend the scope and meaning of §11276 GC so that it may be correct to say that the defendants through the ser-

vice on the Secretary of State were found in Franklin County.

Under the allegations of the petitions the defendants in the two cases are brought within the provisions of the class of nonresident persons, who constitute the Secretary of State of the State of Ohio, as their agent for the service of process in any civil suit or proceeding instituted in the courts of this state, where a cause of action arises by reason of an accident or collision occurring within the state in which the motor vehicle of the defendant is involved.

Sec 6308-2 GC provides how and by whom process may be served. In substance it states that process should be served by the officer to whom the same shall be directed or by the sheriff of Franklin County, who may be deputized for such purpose by the officer to whom the service is directed upon the secretary of state of the state of Ohio.

We are unable to follow the reasoning of counsel for plaintiff that █ these two sections (§§6308-1 and 6308-2 GC) enlarge the scope or meaning of §11276 GC.

The two sections are supplemental to §6308 GC and in our judgment are limited to extending the remedies in automobile accidents against nonresident defendants the same as are allowed against resident defendants. The scope thereby is limited to the provisions of §6308, GC, which reads as follows:

"Sec 6308 GC. JURISDICTION IN ACTIONS FOR INJURY TO PERSON OR PROPERTY. Actions for injury to a person or property caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions."

Sec 6308 GC is clearly a venue statute and expressly authorizes actions for injury to person or property █ caused by the negligence of the owner or operator of the motor vehicle to be brought by the person injured against such owner or operator in the county wherein such injury occurs.

Of course, §6308-1 GC is not a venue statute and this was the substance of our holding in the case of **Shaeffer v West & Company, 21 Abs 262-266.** We did not say, nor did we intend to say, that §6308 GC was not a venue statute. If there is any doubt about the question, we will state now that §6308, GC, is a venue statute. Counsel for plaintiff in addition to the pertinent sections of the Code and the Shaeffer case, supra, cite and comment on the following decisions:

**Mattone v Argentina, 120 Oh St 393.**

**Handy v Insurance Company, 37 Oh St 366.**

Ex Parte Shollenberger, 96 U. S. 374.

O'Donnell v Slade, 5 Fed. Supp. 265.

Dougherty v Goodman, 294 U. S. 623.

**Geinan v Greer, 10 O. 209, Syl. 2.**

We have carefully read all of these cases and noted the principle announced.

We find nothing in any of them pertinent to the present inquiry.

While §11276, GC, is a venue statute authorizing actions against a nonresident of this state, but only in such counties in which there is property or debts owing to the defendant or where such defendant is found or where the cause of action or some part thereof arose.

That part of this statute which reads "or where such defendant is 3. found" means "personally found" under a state of facts such as shown in the record in the instant case.

It is our conclusion that the judgments of the lower court were correct. █ rect. Plaintiffs' appeal in both cases will be dismissed. Costs will follow the judgment.

Exceptions will be allowed.

HORNBECK and GEIGER, JJ, concur.