## ROMAN AND GOVERNMENT EMPLOYEES INSURANCE COMPANY v. CHAMPION.

Common Pleas Court, Hamilton County.

No. A-130197. Decided February 19, 1952.

Brumleve, DeCamp & Wood, Cincinnati, for plaintiffs.

Robert O. Smith, Aug, Elder & Rielly, Cincinnati, for defendant.

### OPINION

By HOY, J.

. This matter is before the court on defendant's motion to quash service of summons, counsel for defendant having

entered his appearance solely for the purpose of contesting the jurisdiction of the court.

Plaintiffs are Henry R. Roman, a resident of Hamilton County, Ohio, and Government Employees Insurance Company, a foreign corporation authorized to do business in the state of Ohio. Defendant is James Howard Champion, a resident of the state of Michigan. The action is for personal injuries and property damage claimed to have been sustained as the result of an automobile collision which occurred in Warren County, Ohio. The plaintiff, Government Employees Insurance Company, claims as subrogee, having paid a portion of the property damage alleged to have been sustained by the plaintiff Roman.

Plaintiffs filed their petition in this county and served the defendant through the Secretary of State pursuant to the provisions of §§6308-1 and 6308-2 GC.

Briefly stated, the question to be determined is whether the venue of such an action is limited to the county in which the cause of action arose or whether plaintiffs may choose any Ohio county for the venue of their action. It involves the construction of §§6308, 6308-1, 6308-2 and 11276 GC. These sections are as follows:

"Sec. 6308 GC. Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions."

"Sec. 6308-1 GC. Any non-resident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle, or of having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a nonresident or shall conceal his whereabouts, shall by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the secretary of state of the state of Ohio his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state of Ohio against such operator or owner of such

motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved."

"Sec. 6308-2 GC. Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin county, who may be deputized for such purpose by the officer to whom the service is directed, upon the secretary of state of the state of Ohio, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

"Sec. 11276 GC. An action other than one of those mentioned in sections eleven thousand two hundred and sixty-eight, eleven thousand two hundred and sixty-nine, eleven thousand two hundred and seventy and eleven thousand two hundred and seventy-one against a nonresident of this state, or a foreign corporation, may be brought in any county in which there is property of, or debts owing to the defendant, or where such defendant is found, or where the cause of action or some part thereof, arose." (Secs. 11268 to 11271 GC.)

So far as the writer has been able to learn, this question has not been passed upon by the Supreme Court of Ohio but there are several decisions of our Courts of Appeal which are applicable. In the case of **Schaeffer v. West, 53 Oh Ap, 270, 7 O. O. 79**, the plaintiff brought an action in Montgomery county against a foreign corporation domiciled in Kentucky for personal injuries sustained in an automobile collision which occurred in Medina County, Ohio. The cause of action arose after the passage of §§6308-1 and 6308-2 GC but before their effective dates. The court sustained a motion to quash the service of summons obtained pursuant to these sections, not only upon the ground that they were not retroactive in character, but also upon the ground that the action was improperly brought in Montgomery county. Counsel for plaintiff in that case contended that the words "in the Courts of the State of Ohio against such owner of such motor vehicle" contained in §6308-1 GC permits the filing of such an action in any Ohio county which plaintiff might choose. In disposing of this contention the court used the following language:

"Our interpretation of the language quoted is that the section does not attempt to fix the place where a cause of action

defined in the section shall be tried, but relates only to the service of process in any civil suit, or proceedings instituted in any court of the State of Ohio in which venue is reposed under the law.

The effect of §6308-1 GC, is to make the non-resident amenable to our laws in the same manner and under the same conditions as a resident. The place where a cause of action must be instituted is, therefore, governed by our venue statutes in the situation presented, and not by §6308-1 GC."

The case of Sprague v. French decided by the Court of Appeals of the Second Appellate District and reported in **24 Abs, 543** is squarely in point. In that case the automobile accident occurred in Hancock county and plaintiff filed his action in Franklin county against the defendant who was a resident of Chattanooga, Tennessee. Plaintiff contended that he had a right to bring this action in Franklin county, because, under the provisions of §6308-1 GC, the defendant had constituted the Secretary of State, his agent for the service of summons and that the residence of the Secretary of State in Franklin county was imputed to the defendant. Syllabi 1 and 4 of that case read as follows:

"1. Secs. 6308-1 and 6308-2 GC are supplemental to §6308 GC, and the scope of these sections is limited to extending the remedies in automobile accidents against non-resident defendants the same as are allowed against resident defendants but does not extend the scope or meaning of §11276 GC so that defendants not found in Franklin county may through service on the Secretary of State be said to have been found there.

4. An action cannot be brought in Franklin County against nonresident defendants for personal injuries sustained in automobile accidents in other counties, when the only process upon such defendants is served through the sheriff of Franklin County and the Secretary of State."

If it be claimed that the fact that the plaintiff, Government Employees Insurance Company, is a foreign corporation alters the situation, such claim is disposed of by the ruling of the court in the case of **Travelers Insurance Company v. Miller** decided by the Court of Appeals for the Second Appellate District and reported in **27 Abs 406.** This case holds that §6308 GC, giving an injured party the right to bring his action in a county where the cause of action arose, is a right personal only to the party injured, and does not extend to his assignee or subrogee and is also authority for the proposition that even as to the injured party the venue of a personal injury action against a nonresident of Ohio is limited to the county where the cause of action arose.

While the Supreme Court of Ohio has apparently not been required to pass on this question, the statutes of the state of Pennsylvania as to venue and deputized service upon nonresident defendants in auto accident cases are identical with ours and the Supreme Court of Pennsylvania had the exact question before it in the case of Williams et ux v. Meredith, 326 Pennsylvania 570 (192 Atlantic 924). In holding that the right of service of process by deputization upon a nonresident defendant in a motor vehicle case exists only where a suit has been instituted in the county where the accident occurred, the court points out that under the common law rule established by centuries of precedent, service of process in actions in personam must be served personally within the jurisdiction of the court in which the action was commenced upon the person to be affected thereby and that this rule prevails unless a statute clearly manifests that a different method as to service has been promulgated by the legislature and that statutes in derogation of the common law must be strictly construed. In his opinion, Mr. Chief Justice Kephart states that he cannot conclude that the legislature, in enacting the venue and deputization statutes, intended to sweep away all the protection accorded to nonresident defendants by the common law rules and expose them to suit in any county in the state irrespective of where the accident occurred while suit against a resident for a similar accident must be brought in the county where it took place and where personal service can be had on the defendant and that to create a different rule for nonresidents might give rise to a very serious constitutional question.

It seems apparent to this writer that the basic purpose of venue legislation is to prevent one from being compelled to defend himself in a strange forum. No one can complain against being required to defend himself in the forum of his residence. Neither can he complain if he is compelled by statute to defend himself in a forum in which he is alleged to have committed a tortious act. But to require one to defend himself in a forum where he had never been, chosen entirely at the whim of his adversary, is contrary to the spirit and purpose of our Constitution.

Accordingly, the court finds that it is without jurisdiction to entertain plaintiffs' action and that defendant's motion to quash service of summons is well taken.

An entry may be presented in accordance herewith saving plaintiffs' exceptions.