NORRIS, APPELLANT, *v.* WATTS, APPELLEE.
CLINE, APPELLANT, *v.* WATTS, APPELLEE.

(Nos. 969 and 970—Decided July 29, 1960.)

*Messrs. Pratt, Kennedy & Moore,* for appellants.
*Messrs. Andrews, Byrne, Edwards & Klein,* for appellee.

GILLEN, P. J.   The two cases mentioned in the caption will be considered together since they present the same legal proposition.   Edgar Watts, a resident of Genoa, West Virginia, was named as defendant in both cases.   In case No. 969 plaintiff sought a money judgment for damage to his automobile, and in case No. 970 plaintiff sought a money judgment for personal in-

juries claimed to have resulted from defendant's negligence in the operation of his automobile. The actions were brought in the Court of Common Pleas of Lawrence County, Ohio, and service was had upon defendant pursuant to the provisions of Section 2703.20, Revised Code. This statute provides, in part, as follows:

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, within this state, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts, by such acceptance or licensure and by the operation of such motor vehicle within this state makes the Secretary of State of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved. * * *"

The petitions filed by plaintiffs set forth causes of action but did not contain an allegation that defendant's negligent operation of his automobile occurred in Lawrence County. In case No. 969 the petition contains the following allegation:

"That on the 6th day of June, 1959, at approximately 7:30 p. m., he was operating his 1949 Chevrolet convertible in a southerly direction on state route 75, said route being a duly dedicated and much traveled highway; that at said time and at or near a point approximately one quarter mile south of the intersection of state route 75 and Vesuvius Park Road, the defendant, who was operating a 1957 Chevrolet tudor sedan in a northerly direction at 90 miles per hour, lost control of his automobile and skidded across the center line of said highway and into the automobile of plaintiff."

Case No. 970 contains a similar allegation. Demurrers to the petitions were sustained by the trial court and leave granted to amend. Plaintiffs not desiring to plead further, the trial court dismissed the petitions and entered final judgment for defendant.

It seems to be the position of counsel for plaintiffs that since accidents are transitory in character it is not necessary to plead venue. The distinction between local and transitory actions is not recognized in Ohio. It is said in the case of *Genin* v. *Grier*, 10 Ohio, 209:

"The division of personal actions into *local* and *transitory* is not known in Ohio.

"Personal actions may be prosecuted in any county where process can be served on the defendant."

This rule does not mean, of course, that a person has an unlimited right to select a forum in which to bring an action. The only Ohio case cited by counsel for plaintiffs in support of their position is *Railroad Company* v. *Morey*, 47 Ohio St., 207. That case held that the statute prescribing the counties within which a railroad company may be sued relates solely to the jurisdiction of the person, and it is not necessary that the petition should state that its road passes into or through the county where the action is brought; a railroad company, like a natural person, submits itself to the jurisdiction of the court by appearing for any other purpose than to object to such jurisdiction. A careful examination of the court's opinion in that case discloses that the railroad company appeared, filed an answer and proceeded to trial, thereby submitting itself to the jurisdiction of the court. In the case at bar defendant filed a general demurrer, thereby raising the question of jurisdiction at the outset. Section 2309.09, Revised Code, provides:

"The demurrer shall specify the grounds of objection to the petition. Unless it does so, it shall be regarded as objecting only that the court has no jurisdiction of the subject of the action, or that the petition does not state facts which show a cause of action."

An objection to venue may be brought by general demurrer. See, 40 Ohio Jurisprudence, 1163, Section 7. In our opinion, the question was properly raised by defendant's demurrer to the petitions.

Section 4515.01, Revised Code, entitled "Venue in actions for injury caused by motor vehicles," provides:

"Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be

brought by the person injured against such owner or operator in the county in which such injury occurred. A summons in such action against any defendant shall be issued to the sheriff of any county within this state in which such defendant resides and may be served as in other civil actions.''

This statute is applicable where an action is brought against a nonresident resulting from an automobile accident occurring within this state and service is had upon such person pursuant to the provisions of Section 2703.20, Revised Code, *supra*. In such an action, the place where the cause must be instituted is governed by the venue statutes and not by Section 2703.20, Revised Code. See, *Schaeffer, a Minor*, v. *Alva West & Co.*, 53 Ohio App., 270. See, also, *Sprague* v. *French*, 24 Ohio Law Abs., 543. A similar situation has been considered in the case of *Roman* v. *Champion*, 62 Ohio Law Abs., 92, wherein the court held in the second and third paragraphs of the headnotes:

''2. Even as to the injured party the venue of a personal injury action against a nonresident of Ohio is limited to the county where the cause of action arose.

''3. The basic purpose of venue legislation is to prevent one from being compelled to defend himself in a strange forum.''

In order to give the Court of Common Pleas of Lawrence County jurisdiction over the two cases under consideration it must appear that the automobile accident or collision described in the petitions occurred in that county. It has been urged that the trial court committed an abuse of discretion by refusing to take judicial notice of the fact that the intersection of state route No. 75 and Vesuvius Park Road was located in Lawrence County. It must be pointed out that the court in sustaining the demurrers granted plaintiffs leave to amend their petitions in order to clarify the situation. They refused to avail themselves of this opportunity by refusing to plead further. Under such circumstances it can not be said that the trial court committed an abuse of discretion. There being no prejudicial error contained in the record, the judgments in the court below in both cases must be affirmed.

*Judgments affirmed.*

Radcliff and Collier, JJ., concur.