HAYSLIP v. CONRAD PRODUCE, INC.

(No. 50802—Decided February 15, 1967.)

Common Pleas Court of Scioto County.

*Mr. Harry T. Herdman,* for plaintiff.
*Mr. Chester P. Fitch,* for defendant.

THOMPSON, J. This matter is now before the court on a demurrer by defendant on the ground that this court is without jurisdiction of the defendant and of the subject matter of the suit.

This is an action for damages to property of the plaintiff resulting from a motor vehicle accident between plaintiff's tractor and trailer and defendant's truck in Morrow County, Ohio, on September 20, 1966. The plaintiff is a resident of Scioto County, Ohio, and the defendant is a foreign corporation with its principal place of business in Huntington, West Virginia.

The defendant in its memorandum in support of its demurrer completely ignored the so called "long arm statute" Sections 2307.381 to 2307.385, Revised Code, which is the basis of plaintiff's action in this county and relies upon the law prior to the effective date of the "long arm statute" which was September 28, 1965.

Sections 2307.381 to 2307.385, Revised Code, are parts of a uniform law entitled "Uniform Interstate and International

Procedure Act," which has for its purpose the exercising of jurisdiction of one state over nonresidents or residents of other states for certain acts which cause damage in this state. The entire act, all of which was not adopted by the Ohio Legislature, may be found in Uniform Laws Annotated, 9B, Page 307.

Section 2307.382, Revised Code, is copied from Section 1.03 of the Uniform Act. Plaintiff's action is based upon Subsection (A), (3) of Section 2307.382, Revised Code, which is the same as (A), (3) of Section 1.03 of the Uniform Act. Several sections of the Uniform Code were not adopted by the Ohio Legislature and this fact has lead to some confusion as to the extent of the application of the Ohio enactment.

Section 4515.01, Revised Code, is entitled "Venue in Action for Injury Caused by Motor Vehicles" and has been in effect for several years. It provides:

"Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought by the person injured against such owner or operator in the county in which such injury occurred. A summons in such action against any defendants shall be issued to the sheriff of any county within this state in which such defendant resides and may be served as in other civil actions."

Section 2703.20, Revised Code, which is a section of the Chapter on "Service of Summons" is entitled "Service of Process Upon Nonresident Owners or Operators of Motor Vehicles" and provides:

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, within this state, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts, by such acceptance or licensure and by the operation of such motor vehicle within this state makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved.

"Such process shall be served, by the officer to whom the same is directed, or by the sheriff of Franklin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of state by leaving at the office of the secretary of state, at least fifteen days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an indorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

The Ohio courts in construing and applying these two sections of the statutes have held that the place where an action against a nonresident for damages resulting from an automobile accident must be instituted, is governed by the venue statutes and not by Section 2703.20, Revised Code, and it must appear that the accident described in plaintiff's petition occurred in the county in which the action is brought. *Norris* v. *Watts*, Court of Appeals, Lawrence County, 1960, 14 O. O. 2d 295; *Schaeffer* v. *Alva West & Company*, 53 Ohio App. 270; *Sprague* v. *French*, 24 Ohio Law Abs. 543.

Before the passage of the "Long Arm Statute" and under these decisions there could be no doubt that this action could not be brought in Scioto County, but would have to be brought in Morrow County where the accident happened. The question presented now to this court is whether the "Long Arm Statute" has changed this rule.

Section 2307.382, Revised Code, is entitled "Personal Jurisdiction" and provides in part as follows:

(A) "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"* * *

(3) "Causing tortious injury by an act or omission in this state;"

Section 2307.383, Revised Code, is entitled "Service of Process when Personal Jurisdiction Authorized" and reads as follows:

"When personal jurisdiction is authorized by Section 2307.-

382 of the Revised Code, service of process may be made on such person, or any agent of such person in any county in this state where he may be found or on the secretary of state who for this purpose, shall be deemed to be the statutory agent of such person.

"Such process shall be served, by the officer to whom the same is directed, or by the sheriff of Franklin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of state by leaving at the office of the secretary of state, at least fifteen days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an indorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

These two sections would cause no problem and would not be in conflict with the law with respect to automobile accident cases prior to their passage. The following Section 2307.384, Revised Code, however, is the one that causes trouble in this case. This section is entitled "Venue of Actions Where Personal Jurisdiction Authorized" and it provides:

"When the exercise of personal jurisdiction is authorized by Sections 2307.381 to 2307.385, inclusive of the Revised Code, any action or suit may be brought in the county wherein the plaintiff resides or where the cause of action or any part thereof arose."

These are the provisions that plaintiff is attempting to use in this case to bring this action against the nonresident defendant, for an accident which happened in Morrow County, in this court because the plaintiff resides in Scioto County.

The question presented by this case is, whether or not the so called "Long Arm Statute" has modified or repealed the venue statutes and particularly Section 4515.01, Revised Code.

Sections 2307.381 to 2307.385 are additions to the chapter of the Revised Code entitled "Civil Actions" which consists of three parts: Form of Actions; Parties to Actions and Where Action to be Brought. The latter part is composed of Sections 2307.32 to 2307.40, 2307.381 to 2307.385, Revised Code, being

additions to this chapter. Section 2307.38, Revised Code, which immediately precedes the amendment (Sections 2307.381 to 2307.385, Revised Code) is entitled "Venue of Actions Against Non-Residents" and provides:

"An action, other than one of those mentioned in Sections 2307.32 to 2307.35, inclusive of the Revised Code, against a nonresident of this state, or a foreign corporation, may be brought in any county in which there is property of or debts owing to the defendant, or where such defendant is found, or where the cause of action or some part thereof arose."

Since this is the chapter dealing with civil actions in general, it is only reasonable to conclude that the Legislature did not intend to repeal or modify the specific provision contained in Section 4515.01, Revised Code, with respect to venue in automobile accident cases.

There are several other reasons for reaching this conclusion. In the case of *Roman and Government Employees Insurance Company* v. *Champion*, Common Pleas, Hamilton County, 62 Ohio Law Abs. 92, the court said that "the basic purpose of venue legislation is to prevent one from being compelled to defend himself in a strange forum. No one can complain against being required to defend himself in the forum of his residence. Neither can he complain if he is compelled by statute to defend himself in a forum in which he is alleged to have committed a tortious act. But to require one to defend himself in a forum where he had never been, chosen entirely at the whim of his adversary, is contrary to the spirit and purpose of our constitution."

Another reason for fixing venue in the county where an automobile accident occurs is the convenience of obtaining witnesses and evidence within the jurisdiction. Many different problems arise in the trial of such a case which would make it extremely difficult and expensive to the parties to try the case in some foreign county in which the plaintiff might reside. One is the desirability in many cases for a view of the scene by the court or jury. Another is the obtaining of local eye witnesses to the accident; local hospital reports and records, if parties were injured and taken to the hospital; location and legality of local traffic control signs; presence of local officers that investigated the accident; whether or not the highway was public or

private and numerous other conditions making it impractical to try the case in any except the county where the accident happened.

In the case of *Schaeffer* v. *Alva West Co.*, 53 Ohio App. 270, the Court of Appeals, Montgomery County, in interpreting Section 6308-1, General Code, now Section 2703.20, Revised Code, said that the effect of this section is to make the non-resident amenable to our laws in the same manner and under the same conditions as a resident. The same logic would seem to apply to Section 2307.383, Revised Code. See also *Sprague* v. *French*, 24 Ohio Law Abs. 543.

We should keep in mind that Section 2307.382, Revised Code, gives to the courts of Ohio, personal jurisdiction over non-residents in seven different situations in the same manner as the Ohio courts have had under Section 2703.20, Revised Code, in automobile accident cases. But in many situations arising under Section 2307.382, Revised Code, the cause of action may or may not have a definite location in the state of Ohio. Such a cause of action, therefore; is quite different from an automobile accident case and the same reasons for trying the case in the county where the accident occurred do not apply.

An example of a situation giving rise to a cause of action under Section 2307.382 (A) (3), Revised Code (upon which the plaintiff relies in this case), is as follows: Suppose A, an Ohio resident purchased an automobile from B, a resident of Kentucky. Trouble developed and B at the request of A came into Ohio and made repairs to the automobile. The repairs were negligently performed and later A, while in Indiana, was injured as a result of these negligent repairs. The "tortious act" giving rise to a cause of action was the negligent repairs of the automobile in Ohio, even though the injury occurred in Indiana. In such case A relying on Section 2307.382 (A) (3), Revised Code, could bring an action against B. Certainly, under these circumstances the reasons above related for trying an automobile acident case in the county where the accident occurred do not apply and the case could be tried where plaintiff resides as well as in the county where the repairs were made, if they were made in some other county.

One of the main reasons for the adoption of the "long arm statute" was to cover product liability cases and other types

of cases resulting from nonresidents doing business in Ohio and thereby giving our citizens of Ohio redress from wrongs against them. They already had adequate remedy against nonresident operators of motor vehicles under existing statutes.

We hold that the "long arm statute" Sections 2307.381 to 2307.385, Revised Code, applies to cases other than automobile cases and that Sections 4515.01 and 2703.20, Revised Code, were not modified or affected thereby.

Defendant's demurrer to plaintiff's petition will be sustained.

*Demurrer sustained.*