MARY F. O'DONNELL *vs.* REGISTRAR OF MOTOR VEHICLES.

Suffolk.   January 9, 1933. — June 27, 1933.

Present: RUGG, C.J., WAIT, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Service of process. *Motor Vehicle,* Service of process on registrar, Registration. *Statute,* Construction, Prospective or retroactive. *Agency.*

It is the general rule that all statutes except those relating to practice and procedure are prospective and not retroactive in effect. Per RUGG, C.J.

The provisions of § 3B, added to G. L. c. 90 by St. 1928, c. 344, in substance that the operation of a motor vehicle on any public way in this Commonwealth, whether registered or unregistered and with or without a license to operate, shall be deemed equivalent to an appointment by the operator of the registrar, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him growing out of any accident or collision in which he or his agent may be involved while so operating, did not make such service effective in an action growing out of an accident or collision occurring in 1928 before the effective date of St. 1928, c. 344, nor require the registrar in such circumstances to send to such operator a notice of service of process upon him by the plaintiff in such action.

The registrar was not required to send the notice in the circumstances above described by the additional fact that the operator in 1929 filed an irrevocable power of attorney with the registrar as a prerequisite to his procuring a registration of the motor vehicle for that year, pursuant to § 3D, added to G. L. c. 90 by St. 1928, c. 344, the operation of which was suspended during 1928 by St. 1928, c. 390, that power not being retroactive in terms or effect, and not embracing service of process founded on causes of action arising before 1929.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on April 26, 1932, for a writ of mandamus.

The allegations of the petition and answer are described in the opinion. The case was heard on petition and answer by *Pierce*, J., who ordered the writ to issue. The respondent alleged exceptions.

The case was submitted on briefs.

*J. E. Warner*, Attorney General, *& R. Clapp*, Assistant Attorney General, for the respondent.

*H. J. Smith & J. H. Samuel*, for the petitioner.

RUGG, C.J. This petition for a writ of mandamus was heard upon petition and answer. It comes here on the respondent's exceptions to an order that the writ issue. The facts thus displayed are that the petitioner, a resident of Boston, while in the exercise of due care, was injured on March 25, 1928, by the negligence of one Harry E. Flaherty, a resident of this Commonwealth, in driving a motor vehicle on a public highway in Boston; that on March 6, 1929, she brought an action of tort in the Superior Court against said Flaherty, and the officer to whom the writ was given for service made return that he was unable to find the defendant in order to make service; that pursuant to statute, service was made upon the registrar of motor vehicles and the statutory fees were paid him; that the registrar of motor vehicles refused to send the notice, or copy thereof, in accordance with statute, to said Flaherty; that it was not until about January 1, 1929, that said Flaherty filed an irrevocable power of attorney with the registrar of motor vehicles as a condition for securing registration of a motor vehicle for the year 1929; that after the entry of the writ brought by the plaintiff against said Flaherty in the Superior Court order for further notice to him was given by the court, and that the action has been continued until service shall have been made upon the defendant.

The decision of the case depends primarily upon the legal effect and proper construction of St. 1928, c. 344, declared to be an emergency law, whereby there were added to G. L. c. 90 six new sections, §§ 3A, 3B, 3C, 3D, 3E and 3F. Section 3B is in the words following: "The

operation by any person, by himself or his agent, of any motor vehicle, whether registered or unregistered, and with or without a license to operate, on any public way in this commonwealth, shall be deemed equivalent to an appointment by such person of the registrar, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which he or his agent may be involved while operating a motor vehicle on any public way in this commonwealth, and such operation shall be a signification of an agreement by such person that any such process against him which is served upon the registrar or his successor in office shall be of the same force and validity as if served upon him personally.   This section shall not apply in case of any cause of action, for the service of process in which provision is made by section three A, nor shall it authorize service of process upon any person who has executed a power of attorney under section three D."   Section 3A, originally enacted by St. 1923, c. 431, § 2, relates exclusively to a resident of any other State or country.   Section 3D requires that every application under G. L. c. 90, §§ 2–5 inclusive, for the registration of a motor vehicle, or under § 8 for a license to operate a motor vehicle, shall contain an irrevocable power of attorney appointing the registrar of motor vehicles as agent for the purpose of service of process in any action or proceeding growing out of an accident or collision in which he or his agent may be involved while operating the motor vehicle during the period covered by the registration or license.   Section 3C relates to the method of service upon the registrar of motor vehicles and provides that "such service shall be sufficient service upon a defendant who has thereunder appointed the registrar or his successor his true and lawful attorney therefor; provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are filed with the papers in the case on or before the return day of the process

or within such further time as the court may allow," with a further provision for service by an officer qualified to serve legal process not material to the case at bar.

St. 1928, c. 344, was approved and took effect on May 28, 1928. G. L. c. 4, § 1. By St. 1928, c. 390, also declared to be an emergency law, the operation of said § 3D was suspended during the then current year, and all certificates of registration and licenses to operate issued during the year 1928 subsequently to May 28 and before "the effective date of this act are hereby validated and made legal." This act was approved and became effective July 23, 1928. The sections especially pertinent to the decision of the case at bar are now found in G. L. (Ter. Ed.) c. 90, §§ 3B, 3C and 3D, and hereinafter reference will be to these sections, so far as necessary.

The cause of action on which is based the plaintiff's writ against said Flaherty arose prior to the operative date of §§ 3B, 3C and 3D, or St. 1928, c. 390. There is no provision in any of those statutes that they shall have a retroactive effect. It is the general rule that all statutes except those relating to practice and procedure are prospective and not retroactive in effect. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3. It was held in *Paraboschi* v. *Shaw*, 258 Mass. 531, that St. 1923, c. 431, now G. L. (Ter. Ed.) c. 90, § 3A, whereby the act of operating a motor vehicle upon the highways of this Commonwealth by a nonresident had the effect of authorizing the registrar of motor vehicles to receive service of process against him growing out of any accident in which such motor vehicle was involved on such highways, did not apply to accidents occurring before the date when it became effective. "The reason was that the authority of the registrar of motor vehicles to accept service rested upon a power of attorney created by the statute flowing from voluntary acts of the nonresident owning the motor vehicle. A power of attorney cannot be made retroactive without clear words to that end." *Duggan* v. *Ogden*, 278 Mass. 432, 435. The same principle applies in this respect to a resident as to a nonresident. Statutes changing the method of service of

process may be made applicable to pending causes of action, provided some adequate service is established. See *Devine's Case,* 236 Mass. 588, 594. The present statutes are not of that nature. They provide, so far as the case at bar is concerned, for service upon an attorney created by § 3B through the act of the one operating a motor vehicle on a public way. There are no words or phrases indicative of a legislative purpose that such appointment of attorney shall be effective as to causes of action arising before the statutes became operative. The circumstance that by § 3B there are exempted from its scope (1) nonresidents for service upon whom provision is made by § 3A, and (2) those who have executed a power of attorney under § 3D, affords no ground for reading into § 3B an implication that it was intended to apply to all other writs sued out subsequently to its operative date even though the cause of action arose before that date. There is nothing in the words or purpose of § 3B to warrant the conclusion that the general rule declared in *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3, is not applicable to it. The statute construed in *Duggan* v. *Ogden,* 278 Mass. 432, related to a change of detail touching the manner of giving notice to the defendant of the pendency of the action, and not to the substantial factor of appointment of the registrar of motor vehicles as attorney to receive service of process. That case is therefore distinguishable.

The irrevocable power of attorney filed by said Flaherty with the registrar of motor vehicles in 1929 pursuant to § 3D, with reference to registration or license for that year, was not retroactive in terms or effect. In terms it relates to service of process growing out of any accident or collision in which the registrant or licensee is involved within the Commonwealth during the period covered by the certificate of registration or by the license. It does not embrace service of process founded on causes of action arising before that period.

The conclusion is that according to the true construction of the relevant statutes the respondent had no authority to act for said Flaherty as attorney to receive service of process

in the actions described in the present petition. He was not therefore amenable to the writ of mandamus to compel him to act as such attorney pursuant to § 3B.

*Exceptions sustained.*