HELEN DAVIS, appellee, v. HARRY A. JONES, appellant.

No. 48990.

(Reported in 78 N.W.2d 6)

JULY 26, 1956.

Gilbert & Stoddard, of Oskaloosa, for appellant.

Messer, Hamilton & Cahill, of Iowa City, and E. Raymond Mick, of Knoxville, for appellee.

WENNERSTRUM, J.—The plaintiff brought an action for damages against the defendant wherein he sought recovery of a substantial amount by reason of injuries claimed to have resulted from the alleged negligence of the defendant. The district court of Marion County overruled defendant's special appearance

wherein the jurisdiction of the court was questioned. This court, on application by defendant, granted to him the right to an interlocutory appeal, which he has perfected.

The automobile accident which caused the plaintiff's injuries occurred on March 19, 1953. On March 18, 1955, plaintiff filed a petition, and on the same day an amendment, wherein it was alleged the defendant was responsible for her injuries; that at the time of the accident he was a resident of Marion County, Iowa, but thereafter and before plaintiff's petition was filed became a nonresident of the State. The plaintiff sought to obtain service of an original notice on the defendant by procedure under section 321.498 (1–3), 1950 Code, as amended, by filing a copy of an original notice, with copy of the petition and amendment thereto with the Iowa Public Safety Commissioner, and by mailing to the defendant at his then known address in Omaha, Nebraska, a notice of the filing made with the commissioner. Section 321.501 (1, 2), 1950 Code.

The defendant in his special appearance and supporting affidavit alleged at the time of the accident he was a resident of the State of Iowa, as alleged in plaintiff's petition, as amended; that section 321.498 (1–3), 1950 Code, was amended, which amendment was passed by the Fifty-fifth General Assembly (1953) and became effective July 4, 1953. Article III, section 26, Constitution of Iowa; section 3.7, 1950 Code. It is further alleged the amendment is not retroactive, has no application to an accident occurring prior to the effective date of the amendment, and consequently the court is without jurisdiction of the person of the defendant and no proper service upon him has been made.

The amendment to which we refer is now noted as subsection 4 of section 321.498, 1954 Code, and is as follows: "The term 'nonresident' shall include any person who was, at the time of the accident or event, a resident of the state of Iowa but who removed from the state before the commencement of such action or proceedings."

The defendant maintains the trial court erred in overruling his special appearance in that prior to July 4, 1953, the then applicable Iowa statutes did not provide for the obtaining of

jurisdiction by service of an original notice on a person who had been a resident of the State of Iowa at the time of an automobile accident although subsequent thereto and prior to the commencement of an action such person became a nonresident of the State. It is also contended the trial court erred in holding the amendment is retroactive and applicable to the situation presented in the present litigation.

I. We must determine whether the amendment to the statute previously quoted is retrospective or prospective only. In commenting on legislative intent and this problem generally it is stated in 50 Am. Jur., Statutes, section 478, pages 494 to 500: "The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In determining such intent, the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively. Indeed, the general rule is that they are to be so construed, where they are susceptible of such interpretation and the intention of the legislature can be satisfied thereby, where such interpretation does not produce results which the legislature may be presumed not to have intended, and where the intention of the legislature to make the statute retroactive is not stated in express terms, or clearly, explicitly, positively, unequivocally, unmistakably, and unambiguously shown by necessary implication or terms which permit no other meaning to be annexed to them, preclude all question in regard thereto, and leave no reasonable doubt thereof. Ordinarily, an intention to give a statute a retroactive operation will not be inferred. If it is doubtful whether the statute or amendment was intended to operate retrospectively, the doubt should be resolved against such operation."

We are conscious of the fact that section 4.2, 1950, 1954 Codes, which relates to construction of statutes, states: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice."

However, this court has held: "All statutes are to be construed as prospective in their operation, unless the contrary is distinctly expressed or is to be clearly implied." Gilbertson, treasurer, v. Ballard, 125 Iowa 420, 421, 101 N.W. 108, 2 Ann. Cas. 607. See also In re Estate of Culbertson, 204 Iowa 473, 484, 215 N.W. 761.

And as indicative of the state of the law in a situation such as is presented in the instant case we must take cognizance of our holding in Welsh v. Ruopp, 228 Iowa 70, 74, 289 N.W. 760, 762, where we stated: "However, it is apparent that upon attack by special appearance and motion to quash, a showing was required of the facts essential to jurisdiction. Pendy v. Cole, 211 Iowa 199, 233 N.W. 47. One of such basic jurisdictional facts was the nonresidence of the defendants at the time the use and operation of the vehicle allegedly caused the damage upon which the suit was based. Nonresidence at the time of the accident was required. Jurisdiction over defendants who were residents of Iowa at the time of an automobile accident and who later became nonresidents could not be secured by this special method of substituted service."

In Hodges v. Brett, 4 (G. Greene) Iowa 345, 346, we stated: "* * * The only safe rule, in cases where jurisdiction depends upon the process, is to require a strict observance of the statute."

And in Bradley Mfg. Co. v. Burrhus, 135 Iowa 324, 327, 112 N.W. 765, 766, this court gave consideration to the matter of substituted service and stated: "The method of procedure is extraordinary in character, and allowable only because specifically authorized; and, in common with other legislative acts which mark a departure from the ordinary, the provisions must be strictly construed in the sense, at least, that the operation thereof may not be abridged or extended by the courts."

The plaintiff has cited Bascom v. District Court, 231 Iowa 360, 1 N.W.2d 220, wherein we held a venue statute should be construed to apply retroactively. See also Dowlen v. Fitch (1954), 196 Tenn. 206, 264 S.W.2d 824, 266 S.W.2d 357, 41 A. L. R.2d 791, and annotations following. We hold a venue statute should not be considered on the same basis as one per-

taining to a jurisdictional question involving the service of an original notice.

▬▬▬ II. The rule that statutes will be construed to be prospective only is subject to an exception in the case of a statute relating to remedies or procedure. This exception does not apply where there is no remedy whatever before the statute was enacted. This appears to be particularly true when the statute creates new rights. 82 C. J. S., Statutes, section 421, pages 996, 997. It must be considered the new statute created a new right which a party did not have prior to its enactment. Consequently it is our holding the exception to the general rule relative to remedial and procedural statutes is not applicable to the amendment under consideration in that a new right was created by the amendment.

There are a number of authorities dealing with the question where a former resident has become a nonresident after an accident has occurred and the action commenced. In dealing with a situation somewhat similar to the case here under consideration it was held in Paraboschi v. Shaw, 258 Mass. 531, 533, 534, 155 N.E. 445, 446: " 'It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action.' [Citing cases] * * * The statute thus imposes upon the nonresident operating a motor vehicle as there described the continual obligation of making the registrar of motor vehicles his agent for the limited purpose stated. Such a contractual obligation relates to substantive rights and not merely to remedy. It is manifest from the frame of the act that there was no intention on the part of the legislature to attempt to ascribe such contractual obligation to acts committed before the statute became operative."

In Allen v. Superior Court, Cal. App., 251 P.2d 358, 362, the California court, quoting from one of its prior decisions, approved the following statement: " '* * * If substantial changes are made, even in a statute which might ordinarily be classified as procedural, the operation on existing rights would be retroactive because the legal effects of past events would be

changed, and the statute will be construed to operate only in futuro unless the legislative intent to the contrary clearly appears.' "

In Guerra De Chapa v. Allen, 119 F. Supp. 129, 133, in dealing with a claimed retrospective effect of a statute the court held: "* * * that the portion of the statute, making use of the highways an agreement for substituted service upon a foreign administrator, is substantive and must be construed as prospective, applying only to collisions occurring after the amendment became effective."

And in Schaeffer v. Alva West & Co., 53 Ohio App. 270, 276, 4 N.E.2d 720, 722, the following pertinent comments are made which are applicable to this present appeal: "The nonresident could act under the section by operating his automobile in the state or refuse to so operate it. If he chose to operate his car within the state he thereby designated the secretary of state as his agent to act for him in accepting service of process from a state court with jurisdiction in an action growing out of the collision wherein his automobile was involved. This was a delegation of an agent by conduct. Such section, however, could not be retroactive in effect because the nonresident would not be amenable to its jurisdictional provision until after he had constituted the secretary of state his agent to accept service of process."

Other authorities which support the foregoing holdings are: Ashley v. Brown (1930), 198 N.C. 369, 151 S.E. 725; O'Donnell v. Registrar of Motor Vehicles (1933), 283 Mass. 375, 186 N.E. 657; Hartley v. Utah Const. Co. (1939), 9 Cir., Ore., 106 F.2d 953; Fidler v. Victory Lbr. Co. (1950), D. C. N. D. Fla., 93 F. Supp. 656; Johnson v. Jacoby (1951), 90 App. D. C. 280, 195 F.2d 563; Chapman v. Davis (1951), 233 Minn. 62, 45 N.W.2d 822; Monacelli v. Grimes (1953), 48 Del. 122, 99 A.2d 255; Teague v. District Court (1955), 4 Utah 2d 147, 289 P.2d 331; Clendening v. Fitterer (1953), Okla., 261 P.2d 896.

It is apparent the statute prior to the amendment herein discussed was based on the implied consent or agreement of an out-of-state motorist to name an official of this state upon whom notice could be served. No such consent was given or could have

been given at the time of the accident because the defendant was not then in the class to which the statute was applicable. Hence he should not be deemed to have had such agreement.

III. The plaintiff maintains in this court the case of Ogdon v. Gianakos (1953), 415 Ill. 591, 598, 114 N.E.2d 686, 690, is controlling in this case. The trial court based its ruling on this last cited case. The Illinois court dealt with a situation where an automobile accident occurred while the defendant was a resident of the state and at the time when the statute did not provide for service through the Secretary of State on persons who were residents at the time of the accident and who thereafter became nonresidents. It was held service on the Secretary of State was sufficient to confer jurisdiction over defendant. The court held this was a procedural question and the statute did not create, define or regulate rights and was not a part of the substantive law. It was therein held: "In the instant case, it is the fact of subsequent nonresidence that enables the plaintiff to obtain jurisdiction of the defendant by serving the Secretary of State in accordance with the statute. The service depends on no consent, actual or implied, but merely upon declarations of the legislature in the valid exercise of the police power of the state." This holding of the Supreme Court of Illinois is not in keeping with the majority of the state courts which have passed on this question. A similar holding to the case of Ogdon v. Gianakos, supra, is found in State ex rel. Thompson v. District Court, 108 Mont. 362, 91 P.2d 422. However, in the Montana case the holding is based on a statutory interpretation.

▬ IV. By reason of the greater weight of the authorities which we think is upheld by the sounder logic we hold the statute here under consideration had no retroactive effect and the trial court was in error in holding jurisdiction had been conferred by the service of notice in a manner as previously set forth. Consequently we reverse, and the cause is remanded for a ruling sustaining the special appearance of the defendant.— Reversed and remanded.

All JUSTICES concur except LARSON, J., who takes no part.