William A. CLEWS, Plaintiff,

v.

Elizabeth C. STILES, Defendant.

Civ. No. 4253.

United States District Court
D. New Mexico.

March 2, 1960.

Rodey, Dickason, Sloan, Akin & Robb, by Robert D. Taichert, Albuquerque, N. M., for plaintiff.

Gilbert, White & Gilbert by Sumner S. Koch, Santa Fe, N. M., for defendant.

ROGERS, District Judge.

This matter comes on upon the Motion of the defendant Stiles to Quash Service of Process upon her outside the State of New Mexico. The Service was attempted under the New Mexico Non-Resident Service of Process Act enacted by the 1959 Legislature, which purports to give in personam jurisdiction over a defendant served personally outside the State of New Mexico in actions arising out of certain types of occurrences, including torts. The Statute is Chapter 153, Laws of New Mexico 1959, Section 21–3–16, N.M.S.A.1953 (1959 Pocket Supp.). The Act, under our Constitution, became effective in June, 1959. The instant action, predicated upon an automobile accident in New Mexico in May, 1958, was filed in the month of August, 1959.

The New Mexico Act, in most particulars, was copied from a similar Act enacted by the Legislature of the State of Illinois. The defendant, among other attacks, challenges the constitutionality of the 1959 New Mexico Act. A thorough study of the Statute in question, and the authorities pertinent thereto, have implanted in the Court's mind grave doubts as to that Statute's constitutionality. A sound application of the canons of constitutional law, however, makes it improvident for this Court to rule upon this issue at this stage of the proceedings.

It is the general principle of constitutional law, that the courts will not pass on the constitutionality of an

Act of the Legislature if the issues of the case may fairly be determined otherwise, without so doing. See Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389; Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 and Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. Stated differently, it may be said that a court will pass upon the constitutionality of law only when necessary to the determination upon the merits of the case under consideration. See cases cited in Vance v. Safeway Stores, D.C., 137 F.Supp. 841.

■ The attack raised by defendant which is dispositive of the case in its present form is that the 1959 Statute was prospective only in its operation, and cannot embrace events which have already occurred. See Cassan v. Fern, 33 N.J.Super. 96, 109 A.2d 482; Monacelli v. Grimes, 9 Terry 122, 48 Del. 122, 99 A.2d 255 and Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6.

The precise question has not been adjudicated by the Supreme Court of New Mexico, but attention is invited to Johnson v. Terry, 48 N.M. 253, 149 P.2d 795, a 1944 decision involving the construction of a Supreme Court rule enlarging the statutory right in a replevin action by providing for a money judgment in favor of plaintiff at his election, for the value of the property. The Supreme Court held that the rule thus promulgated affected a "substantive right", and was therefore not within the Supreme Court's rule-making power.

■ It is difficult for this Court to conceive of a more substantive subject than liability in personam imposed by our conventionally known constructive service. The Court realizes that the case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, has atrophied to a great extent by judicial construction, but there is still some life in the beast. At the present time, any statutory attempt to further emasculate that doctrine should be clearly apparent, and it might even be said that such legislation should receive a strict interpretation.

■ This case does not require strict interpretation. A plain reading of the Statute (See Append. A), together with our constitutional provisions, indicates that the 1959 Statute is prospective only in its application.

An Order in compliance with this Opinion will be submitted within a week from the date hereof.

APPENDIX "A"

Herewith is the Statute in question.

*Section 21–3–16, N.M.S.A. (1953 Comp.), Providing for in personam jurisdiction for New Mexico courts following personal service outside the state in certain classes of actions applies retroactively to give New Mexico courts in peronam jurisdiction over a person who committed a tort with a motor vehicle while a resident of New Mexico prior to the passage of the Act, who was personally served with process outside the state of New Mexico in a suit filed after the effective date of the Act.*

Section 21–3–16, N.M.S.A. (1953 Comp.) provides as follows:

"A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

"(1) The transaction of any business within this state;

"(2) The operation of a motor vehicle upon the highways of this state;

"(3) The commission of a tortious act within this state; or

"(4) Contracting to insure any person, property or risk located within this state at the time of contracting.

"B. Service of process may be made upon any person subject to the jurisdiction of the courts of this state under this section by personally serving the summons upon the

defendant outside this state and such service has the same force and effect as though service had been personally made within this state.

"C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

"D. Nothing contained in this section limits or affects the right to serve any process in any other manner now or hereafter provided by law."