OPINION OF THE JUSTICES TO THE GOVERNOR.

*Constitutional Law,* Referendum, Emergency law, Construction of constitution. *Statute,* Effective date, Emergency law. *Governor.* *Words,* "Forthwith."

With respect to a statute enacted without an emergency declaration by the Legislature and without a statement of its effective date, and not concerning a matter excluded from a referendum petition, an emergency letter filed with the Secretary of the Commonwealth by the Governor, complying with the requirements of art. 48, The Referendum, II, of the Amendments to the Massachusetts Constitution, before the ninetieth day after the statute becomes a law comes within the general terms of the provision of The Referendum, I, excepting "laws declared to be emergency laws" from the preceding phrase that "[n]o law passed . . . shall take effect earlier than ninety days after it has become a law," and the letter brings the statute immediately into effect at the time the letter is filed. [893-898]

On October 27, 1975, the Justices submitted the following answers to questions propounded to them by the Governor:

To His Excellency, the Governor of the Commonwealth:

The Justices of the Supreme Judicial Court respectfully submit their answers to the questions set forth in the Governor's request dated September 25, 1975, and transmitted to the Justices on September 26, 1975.

The request recites the following in substance: Chapters 564 and 573 of St. 1975, approved by the Governor on August 28, 1975, and September 2, 1975, respectively, were each enacted by the Legislature without an emergency preamble as described in article of amendment 48, The Referendum, II, of the Constitution. The statutes do not

concern matters excluded from referendum petition as described in art. 48, The Referendum, III, § 2. They do not by their terms declare when they shall take effect. The Governor desires to file with the Secretary of the Commonwealth letters in accordance with art. 48, The Referendum, II, declaring that the immediate preservation of the public convenience requires that the laws should take effect forthwith, and that the laws are emergency laws, and setting forth the facts constituting the emergencies.

The request continues: Grave doubt exists whether an emergency letter by the Governor may constitutionally cause the law with respect to which it is filed to take effect forthwith on the date of filing the letters, and this doubt extends to all laws for which emergency letters have been filed in the past by the Governor and his predecessors in office. Accordingly the Governor requests the opinion of the Justices on the following questions:

"1. Would appropriate gubernatorial emergency letters filed with the Secretary of the Commonwealth as provided in Amendment Article 48, The Referendum, Part II, of the Massachusetts Constitution, cause Chapter 564 and Chapter 573 of the Acts of 1975 to take effect forthwith on the date of such filing?

"2. Are the effective dates of laws, which by their terms do not state when they shall take effect, the respective filing dates of appropriate gubernatorial emergency letters?"[1]

Under art. 48, The Referendum, III, § 3, ten qualified voters may, within thirty days after a statute has become

---

[1] We invited submission of briefs from interested persons. Three briefs were filed, for which we express appreciation. The brief submitted jointly for the Governor, Lieutenant Governor, Attorney General, and Secretary of the Commonwealth urges affirmative answers to the questions on which our opinion is sought, and the same position is taken in the brief submitted jointly by counsel to the Senate and counsel to the House of Representatives. The brief of Western Massachusetts Legal Services, Inc., urges the negative of those questions.

law, file with the Secretary of the Commonwealth a petition asking for a popular referendum on the law and requesting that the operation of the law be suspended. If such a petition is completed by the filing with the Secretary, not later than ninety days after the statute has become law, of the signatures of qualified voters in a number not less than two per cent of the entire vote cast for Governor at the preceding biennial State election, then the operation of the law is suspended until a Statewide referendum is held.[2] Certain enumerated classes of laws may not be made the subjects of referendum petition, see The Referendum, III, § 2, but the particular statutes referred to in the present request are not within such a class.[3]

In order, on the one hand, to allow time for the filing and completion of referendum petitions under The Referendum, III, § 3, and, on the other hand, to prevent or terminate suspension of laws when there is perceived need for bringing them into effect, The Referendum, I, provides that laws subject to referendum petition shall not take effect earlier than ninety days after their enactment, unless they are declared to be emergency laws.[4] The Referendum, II,

---

[2] In The Referendum, III, § 4, there is provision for a referendum petition which does not request that the law be suspended pending a referendum. Such a referendum looks to repeal of the law (which may have been designated an emergency law under The Referendum, II). The procedures are similar to those in The Referendum, III, § 3, but signatures of one and one-half per cent of the entire vote cast for Governor will suffice.

[3] Statute 1975, c. 564, exempts physicians, dentists and hospitals from liability for providing certain types of emergency medical or dental care without first obtaining the consent of a parent or guardian, and authorizes a minor to give consent to medical or dental care in certain instances. Chapter 573 allows the disclaimer of certain property interests.

Neither statute relates to matters excluded from referendum petition by The Referendum, III, § 2, which embraces matters concerning the judiciary, the courts, appropriations, and matters of local concern.

[4] In the absence of emergency declarations, such laws take effect on the ninetieth day after enactment. See *Commonwealth* v. *Yee*, 361 Mass. 533, 537, 538-539 (1972); *Commonwealth* v. *French*, 357 Mass. 356, 376 n. 21 (1970), judgments vacated as to death penalty sub nom. *Limone* v. *Massachusetts*, 408 U.S. 936 (1972); *Coyle* v. *Swanson*, 345 Mass. 126, 127 (1962).

indicates that a law may be so declared by the Legislature by means of a preamble to the law, or by the Governor by means of a separate declaration filed by him with the Secretary of the Commonwealth. We set out the full texts of The Referendum, I and II.

I. "No law passed by the general court shall take effect earlier than ninety days after it has become a law, excepting laws declared to be emergency laws and laws which may not be made the subject of a referendum petition, as herein provided."

II. "A law declared to be an emergency law shall contain a preamble setting forth the facts constituting the emergency, and shall contain the statement that such law is necessary for the immediate preservation of the public peace, health, safety or convenience. A separate vote, which shall be recorded, shall be taken on the preamble, and unless the preamble is adopted by two-thirds of the members of each House voting thereon, the law shall not be an emergency law. Upon the request of two members of the Senate or of five members of the House of Representatives, the vote on the preamble in such branch shall be taken by call of the yeas and nays. But if the governor, at any time before the election at which it is to be submitted to the people on referendum, files with the secretary of the commonwealth a statement declaring that in his opinion the immediate preservation of the public peace, health, safety or convenience requires that such law should take effect forthwith and that it is an emergency law and setting forth the facts constituting the emergency, then such law, if not previously suspended as hereinafter provided, shall take effect without suspension, or if such law has been so suspended such suspension shall thereupon terminate and such law shall thereupon take effect: but no grant of any franchise or amendment thereof, or renewal or extension thereof for more than one year shall be declared to be an emergency law."

It is settled that due adoption by the Legislature of an emergency preamble produces two results. First, the

operation of the law may not be suspended by means of a referendum petition. See *Molesworth* v. *Secretary of the Commonwealth*, 347 Mass. 47, 51 (1964). Second, the law goes into effect upon its passage, rather than ninety days thereafter. See *id.*; *McNear* v. *Director of the Div. of Employment Security*, 327 Mass. 717, 721 (1951); *Pittsley* v. *David*, 298 Mass. 552, 554 (1937); *O'Donnell* v. *Registrar of Motor Vehicles*, 283 Mass. 375, 376-378 (1933); G. L. c. 4, § 1.

The Governor may make his declaration at or after the time when a statute becomes law. See *Prescott* v. *Secretary of the Commonwealth*, 299 Mass. 191, 197 (1938). When made prior to the ninetieth day after the statute becomes law, the declaration has at least the effect of preventing suspension of its operation under The Referendum, III, § 3, from and after the ninetieth day; when the declaration is made after the ninetieth day with respect to a law whose operation has already been suspended under The Referendum, III, § 3, it has the effect of terminating that suspension.[5] The issue framed by the Governor's requests is whether a gubernatorial emergency declaration filed with the Secretary before the ninetieth day has the further effect of bringing the law into effect at the time of filing.

The answer to this question is not free from doubt. The words in the last sentence of The Referendum, II, "then such law, if not previously suspended as hereinafter provided, shall take effect without suspension . . ." may possibly be read as indicating that the ninety-day waiting period may not be terminated by a Governor's declaration made prior to the ninetieth day, that the declaration serves only to prevent suspension after that day. But we think the better reading is that such a declaration brings the law into effect immediately. According to The Referendum, II, a declaration may be made "at any time" (before the putative

---

[5]It is assumed for purposes of this statement that the referendum petition is completed on the ninetieth day. See, however, the paragraph after the next in the text below.

date of holding the referendum, which is to say before the last date on which the declaration could have any efficacy); and, significantly, our decision in *Prescott* v. *Secretary of the Commonwealth, supra,* shows that a declaration may validly be made before any referendum petition is filed. Two stated predicates of a declaration of emergency are similar whether it is made by the Legislature or the Governor: "[T]he facts constituting the emergency" must be set forth and there must be a statement (in the case of the Governor, an expression of "opinion") that emergency treatment is needed for "the immediate preservation of the public peace, health, safety or convenience." But the note of immediacy is emphasized, in the case where the Governor acts, by the added words of his declaration that "the immediate preservation," etc., "requires that such law should take effect forthwith . . . ." This suggests a power in the Governor similar to that of the Legislature to hasten a law's effective date. Finally, we note that The Referendum, I, which excepts from the ninety-day waiting period "laws declared to be emergency laws . . . ." is written in general terms, and makes no distinction between laws so declared by the Legislature and those so declared by the Governor. Once the Legislature or Governor has made the emergency declaration and suspension of the operation of the law is prevented, the main purpose of the waiting period has disappeared and it is quite appropriate in the light of the emergency findings that the law should go immediately into effect.

An anomalous situation may arise if a gubernatorial emergency statement is held not to put the law into immediate effect. The language of The Referendum, III, § 3, seems to envisage that suspension of a law occurs (if not earlier prevented) when a suitable referendum petition has been completed by the filing of the necessary number of signatures. This filing must be completed by the ninetieth day, but may be completed before that time. As the Governor's declaration can certainly terminate an actual suspension (see *Prescott* v. *Secretary of the Commonwealth, supra,*

299 Mass. at 199), we have here a case where his declaration could bring a law into effect before the ninetieth day. But that this should be the unique occasion for the Governor's producing such a result would seem strange. An escape from the oddity can be found, but not by a simple reading of the constitutional language.[6] More generally, it would appear anomalous to entrust the Governor with a power to prevent or terminate a suspension of the law after the ninetieth day upon a finding of emergency when the Legislature had refrained from preventing suspension by its own emergency preamble, but yet to prohibit the Governor from putting a law into effect before that day even though there are emergency reasons for doing so.

The interpretation favorable to the Governor's power is not contradicted by anything in the records of the Constitutional Convention of 1917-1918 which framed art. 48 of the Amendments, although it is not much strengthened by those records. The gubernatorial authority to forestall or undo the suspensive effect of a referendum petition was imported into art. 48 as one of the means of providing some check on the power of a small minority of the voters to nullify adopted legislation until the next eligible Statewide election.[7] But the exact desired extent of the gubernatorial power was not delineated, nor was the precise meaning of

---

[6] In the case put, one would have to conceive of the suspension as occurring nominally at the expiration of the ninety-day period, although the referendum petition was completed earlier; and of the Governor's emergency declaration as taking effect and terminating the suspension at the expiration of the same period, although it was a "forthwith" declaration.

[7] See 2 Debates in the Massachusetts Constitutional Convention, 1917-1918, at 782-787, 905-906 (1918). If the completed referendum petition is filed with the Secretary of the Commonwealth less than sixty days before a State election, the law is submitted to the people at the next following election. If approved, the law takes effect thirty days after the election. See art. 48, The Referendum, III, § 3. A suspension petition may therefore forestall the implementation of a law for more than two years.

the language used.[8]   There was concern about the Governor's intruding on the legislative province,[9] but, as already indicated, the decision to allow the Governor to erase the suspensive effect of a referendum petition, when the Legislature had not acted by an emergency preamble, could be seen as a larger step than the mere matter of precipitating the effective date of a law.

Mindful that "the long continued practice by another branch of our tripartite government is entitled to very great weight in interpreting what art. 48 requires" (*Molesworth* v. *Secretary of the Commonwealth, supra,* 347 Mass. at 54),[10] we look to the practice over the years.   Shortly after the ratification of the amendment, Governor Calvin Coolidge (or his Lieutenant Governor) made "forthwith" declarations regarding St. 1919, cc. 150, 298, 358, and these were accepted by the Secretary of the Commonwealth as putting the laws into immediate effect.[11]   Mr. Frank W. Grinnell, managing editor of the Massachusetts Law Quarterly and secretary of the Massachusetts Bar Association, responded in the same year to a suggestion that the Governor was not entitled to declare an emergency until a referendum petition requesting suspension was actually filed.   He saw no such limitation[12] and evidently believed

---

[8] As the court remarked in *Molesworth* v. *Secretary of the Commonwealth,* 347 Mass. 47, 51 n. 2 (1964), the debate touching on the emergency section of the amendment was "casual and uninformative."

[9] See 2 Debates in the Massachusetts Constitutional Convention, 1917-1918, at 783-786 (remarks of Messrs. Quincy, George, and Walker).   See also *id.* at 497-498, 509-510, 903-908, 948.

[10] See, e.g., *Fitzgerald* v. *Selectmen of Braintree,* 296 Mass. 362, 367 (1937); *Opinion of the Justices,* 126 Mass. 557, 594 (1878); *Davison* v. *Johonnot,* 7 Met. 388, 395 (1844).

[11] The statutes as officially published set forth also the emergency letters filed with Albert P. Langtry, Secretary of the Commonwealth, and the Secretary's acknowledgments that the laws took effect respectively at the time of such filing.   Chapter 150 was approved on May 2, 1919, and went thus into effect on May 12, 1919; c. 298, approved July 10, effective September 5; c. 358, approved July 24, effective July 30.

[12] Mr. Grinnell's conclusion that the Governor's statement could be filed before the initiation of a referendum petition was confirmed in *Prescott* v. *Secretary of the Commonwealth,* 299 Mass. 191, 197 (1938).

that "forthwith" was to be read literally. He said that the suggestion "seems clearly unsound because the governor is given the power 'at any time' to act in the interest of the Commonwealth for the purpose of putting a law into effect 'forthwith' and these words cannot be given their natural, reasonable and peremptory meaning if the governor must wait ninety days in order to find out whether a petition is not only to be filed but is to be completed. . . . The facts upon which his judgment is to be based may exist when the law is passed or may develop later, but if they exist when the law is passed they will not be altered in the slightest degree by the question whether or not somebody will file and complete a petition for a referendum and it would be an unreasonable construction of the amendment to construe it in such a way that the governor's power to protect the interests of the state and its people in accordance with the facts as they exist at the time should be hampered by the question whether some casual or politically inspired persons may or may not see fit to start a petition to hold up the law." Grinnell, The Power of the Governor to Declare Emergency Measures Under the I. and R. Amendment, 4 Mass. L.Q. 227, 231-232 (1919). We learn that since 1919 Governors, in approving several hundred statutes passed by the Legislature without emergency preambles, have made "forthwith" declarations with supporting findings as set out in The Referendum, II, and the understanding and practice have been that the laws took effect on the dates of the filing of the respective declarations. Briefs submitted herein (see n. 1 above) attest that the same understanding is shared both by the executive and legislative branches. There has never been a judicial decision to the contrary. In *Prescott* v. *Secretary of the Commonwealth, supra,* 299 Mass. at 198-199, a question was mentioned and left open as to the date on which a "forthwith" declaration took effect, but that was in respect to a statute which by its terms specified a fixed date for its going into effect. It is noted that the present request for an opinion states that the statutes involved do not by their terms declare when they shall take effect.

Whether or how a legislative specification of date might affect our opinion we do not undertake to say. Cf. G. L. c. 4, § 1.[13]

The net result of our opinion is to confirm in the Governor an emergency power similar to that of the Legislature when it enacts an emergency preamble. This seems not inappropriate for the "supreme executive" officer of the Commonwealth (Mass. Const. Part II, c. 2, § 1, art. 1) charged with carrying the laws into effect.

We answer question 1 as to the particular statutes, "Yes," and, reading question 2 as putting the same question as to similar laws in the past, that is, laws subject to referendum petition and containing no express effective dates, we also answer that question, "Yes."

G. JOSEPH TAURO
PAUL C. REARDON
FRANCIS J. QUIRICO
ROBERT BRAUCHER
EDWARD F. HENNESSEY
BENJAMIN KAPLAN
HERBERT P. WILKINS

---

[13] Note that this section of the General Laws, dealing with when statutes shall take effect, refers specially at two places to laws containing express provision for the time of their taking effect.

Chapter 4, § 1, does not speak to the precise questions before us. It deals with legislative declarations of emergency. The former R.L. c. 8, § 1, as amended by St. 1919, c. 97, had stated in part: "An act declared to be an emergency law shall, unless it is otherwise provided therein, take effect upon its passage." This might possibly be read as dealing with gubernatorial as well as legislative emergency declarations, but the reading would be dubious because gubernatorial declarations need not be made at the time of "passage." (See n. 11 above.) The second passed intact into the General Laws (1921) as c. 4, § 1. It was rewritten into its present form for the Tercentenary Edition by St. 1931, c. 426, § 126. Among other changes, the quoted sentence was eliminated. A report by Senate and House counsel (1931 House No. 1650) states (at 74) that § 1 is amended "so that it will not apply to the taking effect of a statute which is declared by the governor to be an emergency law." The matter of gubernatorial declarations was thus left essentially to art. 48 itself, and as we have seen the practice has been uniform since 1919.