CLARK v. SWARTZ et.

Ohio Appeals, 6th Dist., Sandusky Co.

No. 185.    Decided March 28, 1927

1104.    STATUTES—In view of the plain and positive provisions of the law, it follows that causes of action, prosecutions or proceedings existing at the time of the amendment or repeal of statutes relating to the remedy, are not exempt from the operation of such amendment or repeal.

**First Publication of this Opinion**

WILLIAMS, J.

Clark Ward, brought an action in the Sandusky Common Pleas against Edward Swartz and Lester Schmidt, to recover for personal injuries. The petition alleged that the collision took place in Sandusky County, that Ward lived in Huron county and Swartz in Ottawa County. After the filing of the petition and service of summons each defendant filed a motion to set aside the service as invalid, protesting against entering appearance. These motions were overruled. At the trial of the case the objection was made that the court had no jurisdiction, the court sustained the objection and it is here on error.

The Court of Appeals held:

1. It is admitted in the pleadings that the collision occurred April 10, 1923. The original action was begun March 14, 1924. Summons in the action was served in accordance with 6308 GC. This section was amended by an act passed March 8, 1923, which became effective June 22, 1923.

2. Before amendment the section read in part, "Action for injury - - - by the negligence of the owner of a motor vehicle may be brought - - - in the county where such injured party resides."

3. After amendment the section read in part "Actions for injury - - - by the negligence of owner - - - of a motor vehicle - - - in the county wherein such injury occurs."

4. If the action as amended applied, the action was properly brought in the county where the injury occurred. If the statute as existing prior to the amendment applied, then the action was improperly brought in the county where the collision occurred.

5. To determine the question involved requires that a construction be placed upon 26

GC. which reads in part, "Whenever a statute is repealed or amended, such repeal shall in no manner affect pending actions - - - and when the repeal or amendment relates to the remedy, it shall not affect pending actions - - - unless otherwise expressly provided in the amending or repealing act."

6. "In view of the plain and positive provisions of the law, it follows that causes of action, prosecutions or proceedings existing at the time of the amendment or repeal of statutes relating to the remedy are not exempt from the operation of such amendment or repeal." Elder v. Shoffstall, 90 OS. 265.

7. Applying the principle of the case supra, literally, 6308 GC. as amended, applies to all actions of the specified kind commenced on and after June 22, 1923, regardless of the time when the cause of action arose.

8. There is no vested right to a remedy in favor of anybody. The legislature may, if it sees fit, amend, repeal or alter any section of the General Code relating to the remedy, but this they can not do so as to affect pending actions unless it is specifically so provided. Section, 26 GC. prohibits the legislature from passing any act or amending any statute which affects the remedy so as to make it applicable to pending actions, unless the act specifically provides that it shall apply to pending actions. State v. Ballard, 8 OA. 44.

Judgment therefore reversed and cause remanded.

(Richards and Lloyd, JJ., concur.)

Attorneys—Parkhurst & Vickery, Bellevue, and Harry E. Garn, Fremont, for Ward; Smith Baker & Eastman, Toledo, for Swartz et.