## SCHAEFFER v ALVA WEST & CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1334. Decided Jan 28, 1936

McMahon, Corwin, Landis & Markham, Dayton, for plaintiff in error.

Estabrook. Finn & McKee, Dayton, for defendant in error.

## OPINION

By HORNBECK, J.

The proceedings require consideration and construction of §§6308-1 and 6308-2 GC, passed February 21, 1933, approved by Governor White March 2, 1933, filed in the office of the Secretary of State March 3, 1933. The statutes, insofar as pertinent to our questions, read:

"Sec 6308-1 GC. Any non-resident of this state being the * * * owner of any motor vehicle who shall accept the privilege extended by the laws of this State to non-resident operators and owners of operating motor vehicles, or of having the same operated within the State of Ohio, * * * shall, by such acceptance * * * and by the operation of such motor vehicles within the State of Ohio, make and constitute the Secretary of State of the State of Ohio his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the State of Ohio against such operator or owner of such motor vehicle arising out of or by reason of any accident or collision occurring within the State in which such motor vehicle is involved."

"Sec 6308-2 GC. Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of State of Ohio, by leaving the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

Counsel for the plaintiff in their brief well state the two questions presented for determination in this court:

"(1) Can an action be brought in Ohio against a non-resident automobile owner which arises out of an accident occurring after the passage of the law but before the law becomes effective?

(2) If such action lies, may it be brought in any court in the State having jurisdiction over the subject matter?"

On the first proposition it is the claim of the plaintiff that the statute under consideration is remedial in character, retrospective in operation to the date of its enactment, designed for the purpose of enabling process to be served upon a non-resident of the State who, as owner or operator of an automobile has caused damage to another, out of which a cause of action arises. And further, that service may be had in causes of action which arose

subsequent to the date of the passage of the act in the Legislature and prior to 90 days thereafter, or what is commonly recognized as the effective date of a non-emergency law.

It is the claim of the defendant that the statutes not only set up a method by which service may be had upon a non-resident who comes within the terms of §6308-1 GC, but that it also is designed to confer upon our courts jurisdiction of the person of a non-resident; that if remedial only the act was not effective when the cause of action arose; that there is nothing in it which disclosed a purpose to make it retroactive, but that it affects substantial rights, is broader than a remedial statute, and has no application to a right of action growing out of a collision which occurred prior to the effective date of the section.

Upon first impression there seems to be a conflict in the terms of **Article II, §16 and Article II, §1c of the Ohio Constitution.** Article II, §16 provides in part:

"Every bill passed by the general assembly shall, before it becomes a law, be presented to the governor for his approval. If he approves he shall sign it and thereupon it shall become a law, to be filed with the secretary of state."

**Article II, §1c** provides in part:
"No law passed by the general assembly shall go into effect until ninety (90) days after it shall have been filed by the governor in the office of the secretary of state, except as herein provided."

It has, however, been judicially determined (State v Lathrop, 93 Oh St, 79), that Article II, §16 has application only to laws that provide for tax levies, appropriations for current expenses of the state government and state institutions and emergency laws, as defined in §1d, Article II of the Constitution. The section in question, §6308-1 GC not coming within the classification of an emergency law or of any other law contemplated by **Article II, §16 of the Constitution,** is controlled entirely by **Article II, §1c of the Constitution,** and became effective 90 days after being filed in the office of the Secretary of State. The section then became effective June 1, 1933.

It is asserted that, though the effective date may be 90 days after filing the §6308-1 GC with the Secretary fo State, yet in terms it evinces a purpose to make non-residents amenable to its provisions as of the date of its enactment. In construing this section we recognize that it is against

the policy of the law to give statutes a retroactive effect; **Cincinnati, H. & D. R. R. Co. v Hedges, 63 Oh St, 339**; and that courts struggle to construe statutes so as to give them a prospective, rather than a retrospective operation. **37 O. J., 819.**

So, considering §6308-1 GC we find nothing whatever in the subject matter which requires a determination that it was intended to be retrospective in purpose. It is as reasonable to interpret the section as though it was prefaced "on and after the effective date of this law" (the subject matter therein recited shall have application to non-residents), as it is to say that it is understood that on and after the date of enactment of the section the subject matter shall be effective. There being nothing in the sections which clearly requires a conclusion that the Legislature purposed that the statutes shall be binding upon non-residents on and after the date of the enactment, we could rely solely upon the rule of construction and hold that the effective date of the law, namely, June 1, 1933, is the time from which the law speaks.

If the purpose of the sections was only to set up a method of serving process upon a resident of the State, then, whether or not the act was retroactive would not affect the right of a plaintiff to subject a defendant to answer to a cause of action which arose either prior to the enactment of the sections or before the effective date thereof. But the defendant in this case is a non-resident of the State.

State courts cannot take jurisdiction of the person of a non-resident upon whom personal service of process cannot be made within the State unless there is a voluntary appearance. **Pennywit et v Foote et, 27 Oh St, 600; Benner v Benner, 63 Oh St, 224.** A State court can acquire no jurisdiction of an action where neither the person nor any property of the defendant can be found within the State. **15 C. J. 786; Arndt v Arndt, 15 O., 33.**

No sovereignty can extend its process beyond its own territorial limits to subject persons or property to its judicial decisions. Every execution of authority of this sort beyond this limit is a mere nullity, and incapable of blinding such person or property in any other tribunals. Story Conflict of Laws, §539.

Prior, then, to the enactment of §6308-1 GC the courts of our State had no means of exercising jurisdiction over the person of the defendant in this cause, unless he voluntarily entered his appearance or was served within the jurisdiction. A personal judgment entered against him without service of process or voluntary appearance would offend the Due Process clause of our Federal Constitution. By the enactment of the aforesaid statute the defendant and all non-resident owners and operators of automobiles in Ohio were put upon notice that §6308-1 GC set up the means whereby such non-resident owners or operators operating an automobile in Ohio could be made amenable to the jurisdiction of our courts over their person. The non-resident could act under the section by operating his automobile in the state or refuse to so operate it. If he chose to operate his car within the State he thereby designated the Secretary of State as his agent to act for him in accepting service of process from a State court with jurisdiction in an action growing out of the collision wherein his automobile was involved. This was a delegation of an agent by conduct. Such section, however, could not be retroactive in effect because the non-resident would not be amenable to its jurisdictional provision until after he had constituted the Secretary of State his agent to accept service of process.

We are required, therefore, not only upon the rule of construction but by interpretation of the terms of the statute itself to say that the Legislature did not intend that §6308-1 GC should be retroactive.

Finding that the section is not retroactive we need give no consideration to its constitutionality, had it so provided.

Substantially the same question here determined has been considered and decided in accord with our conclusion in a well considered opinion by the late Judge Darby of the Common Pleas Court of Hamilton County, in **Wilson et v Silverman et, 31 N. P. (N.S.) 252.** Distinction is sought to be made between this case and the instant cause in that in the Wilson case the cause of action arose before the enactment of the section. We see no difference on principle. Statutes much like §6308-1 GC are held not to be retroactive in **Paroboschi v Shaw, (Mass.) 155 NE 445; O'Donnell v Registrar of Motor Vehicles, (Mass.) 186 NE 657; Ashley v Brown (N. C.), 151 NE 725** and in **Duggan v Ogden (Mass.), 180 NE 301,** in which C. J. Rugg discussing Paroboschi v Shaw, supra, said:

"The reason |(why service could not be made as authorized in the act under consideration) was that authority of the Registrar of Motor Vehicles to accept service rested upon a power of attorney created by the statute flowing from voluntary acts of the non-resident owning the motor vehicle.

A power of attorney cannot be made retroactive without clear words to that end. It is doubtful whether the legislative power would extend to making such statutory power of attorney retroactive."

The citations in the brief of defendant from the American Law Institute, Re-Statement of the Law, Conflict of Laws, §§42, 43, 47, 77, 81, 84 and 429 have been helpful. We have with care considered the many citations from Ohio and elsewhere in the brief of the plaintiff in error but finding no conflict in principle with our conclusion feel that no good purpose would be served in analyzing and discussing them at length.

The second question presented in the instant case is whether or not, if the defendant could have been subjected to the jurisdiction of our courts, was the cause properly instituted in Montgomery County?

The collision out of which the cause of action arose occurred in Medina County. §6308-1 GC provides that if a non-resident owner or operator of a motor vehicle accepts the privilege extended by our laws to him he thereby makes and constitutes the Secretary of State his agent for the service of process in any civil suit or proceeding instituted in the courts of the State of Ohio against such owner of such motor vehicle, etc.

It is urged that the language which we have emphasized, being general in terms and referring to suit or proceeding instituted in the courts of the State of Ohio, is meant thereby to clothe any court of competent general jurisdiction in the State with power to hear and decide any such suit or proceeding therein instituted. Our interpretation of the language quoted is that the section does not attempt to fix the place where a cause of action defined in the section shall be tried, but relates only to the service of process in any civil suit, or proceedings instituted in any court of the State of Ohio in which venue is reposed under the law.

The effect of §6308-1 GC is to make the non-resident amenable to our laws in the same manner and under the same conditions as a resident. The place where the cause of action must be instituted is, therefore, governed by our venue statutes in the situation presented, and not by §6308-1 GC.

The judgment of the trial court will be affirmed.

BARNES, PJ, and BODEY, J, concur.