Charles A. Ogdon and R. C. Ogdon, Administrators of Estate of Kenneth Wayne Ogdon, Deceased, the Personal Representatives of Kenneth Wayne Ogdon, Deceased, Plaintiffs-Appellants, v. Anthony L. Gianakos, Defendant-Appellee.

Gen. No. 9,849.

Opinion filed November 14, 1952. Rehearing denied January 12, 1953. Released for publication January 12, 1953.

HENRY I. GREEN, ORIS BARTH, DARIUS E. PHEBUS, and HURSHAL C. TUMMELSON, all of Urbana, for appellants.

BURT GREAVES, of Champaign, for appellee.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This case grows out of an automobile collision which resulted in fatal injuries to the plaintiffs' intestate, Kenneth Wayne Ogdon. The cause was tried before a jury in the circuit court of Champaign county, and a verdict was returned in favor of the plaintiffs for the sum of $12,000. The court ordered the clerk to record the verdict and ordered judgment on the verdict in favor of the plaintiffs and against the defendant in the sum of $12,000. The defendant, Anthony L. Gianakos, apparently was in the military service of the

United States and was represented by an attorney appointed to defend him. It does not seem that Gianakos was ever in court and service was in accordance with paragraph 23, chapter 95½ of the Illinois Revised Statutes [1951; Jones Ill. Stats. Ann. 85.023].

After the verdict of the jury and after the court had entered judgment in favor of the plaintiffs, the defendant made a motion for judgment notwithstanding the verdict, and in the alternative, a motion for a new trial. Before the court had passed on these motions, the defendant amended his motion for judgment notwithstanding the verdict, and in the amendment raised the question of jurisdiction. The court allowed the motion for judgment notwithstanding the verdict and ordered that judgment be entered in favor of the defendant and against the plaintiffs, and barred the action of the plaintiffs, and for costs of suit, and further ordered that the plaintiffs be forever barred from further prosecution upon the same cause of action against the defendant. There was no ruling on the motion for a new trial.

Although the trial in the circuit court was on the merits, it does not appear that any question of facts is at issue in this appeal. Instead, two questions are before us. First: Did the trial court have jurisdiction of the defendant? Second: If the court lacked jurisdiction could it legally enter the order of judgment notwithstanding the verdict, and the further judgment that the action of the plaintiffs be barred?

At the time of the accident, paragraph 23, chapter 95½ of the Illinois Revised Statutes provided for service on nonresidents using Illinois highways but at the time of the accident there was no provision for service on those residents of Illinois, who at the time of the accident were actual residents of Illinois, but subsequently became nonresidents. On August 10, 1949, paragraph 23 was amended whereby the same

578

machinery for securing service on nonresidents became available to the litigant against those who were residents at the time of the accident but subsequently removed from the State. This section of the law was added almost a year after the date of the accident that caused the death of plaintiffs' intestate. The amendment contained no retroactive language. In the absence of retroactive provisions, the rule of statutory construction is that it affects only those matters that happen after the adoption of the statute. In other words, it is prospective and not retroactive. *Sanders v. Paddock,* 342 Ill. App. 701; *Rompza v. Lucas,* 337 Ill. App. 106; *New York Life Ins. Co. v. Murphy,* 388 Ill. 316. The affidavit for service in this case shows that at the time of the accident, the defendant Gianakos resided in the City of Champaign, in this State. At that time there was no law for service through the Secretary of State upon a resident who subsequently removed from the State. It is true that the affidavit was executed after the law amending paragraph 23 became effective, but the appointment of the Secretary of State as attorney in fact, was done by the defendant at the time he drove on the highways of Illinois and at that time there was no provision for residents who later left the State. We must, therefore, hold that the service on the defendant was not sufficient and that the trial court did not have jurisdiction of the defendant. If the trial court did not have jurisdiction of the defendant, the trial court had no jurisdiction to try the cause. We therefore come to the second point, namely, if the trial court did not have jurisdiction to try the cause, did it have any authority to enter an order of judgment notwithstanding the verdict, and in bar of the plaintiffs' action. We think not. We agree with the law as announced in *Walker v. Cook,* 294 Ill. 294 where the court said: "It is a fundamental rule of law, applicable alike to all courts and proceedings,

579

whether under a general or statutory jurisdiction, that courts cannot adjudicate the rights of parties without first acquiring jurisdiction of the persons of such parties.'' If the court lacked jurisdiction, all proceedings of the trial, the verdict of the jury, the entering of the judgment on the verdict, the motion for judgment notwithstanding the verdict, the alternative motion for a new trial and the judgment of the court for judgment in favor of the defendant, notwithstanding the verdict of the jury, all were without force and were void. The only valid thing that remains in the case, is the complaint. It was filed in apt time and apparently is not objected to as to form. There is no proper service on the defendant, and until proper service is secured, no trial can be had. If the court lacks jurisdiction to hear the cause, it must of necessity lack jurisdiction to enter any orders or judgments.

It is immaterial whether the trial court ruled on the motion for a new trial. Without jurisdiction, any ruling would lack validity.

For the reasons announced herein, the judgment in favor of the defendant Anthony L. Gianakos, and against the plaintiffs, in bar of action of the plaintiffs, and for costs of suit, and the barring of the plaintiffs from further prosecution upon the same cause of action against the defendant Gianakos, is reversed with directions to vacate the judgment notwithstanding the verdict, to vacate the judgment in bar, to quash the service of process and to continue the cause for proper service.

*Reversed and remanded with instructions.*