**Arnett C. CLOUSE, Plaintiff,**

v.

**Varther D. ANDONIAN, Defendant.**

**Civ. No. 1195.**

United States District Court
N. D. Indiana,
Fort Wayne Division.

Oct. 31, 1960.

Perry C. Ort, Churubusco, Ind., Phil M. McNagny, Jr., of Gates & Gates, Columbia City, Ind., for plaintiff.

Gilmores Haynie, Fort Wayne, Ind., for defendant.

GRANT, District Judge.

This is an action brought to recover damages for personal injuries sustained by the plaintiff in a two-car collision between the auto driven by the plaintiff, Arnett C. Clouse, and that driven by the defendant, Varther D. Andonian, in the City of Fort Wayne, Indiana, on November 30, 1958. The Complaint was filed November 30, 1959, with service being made upon the Secretary of State for the State of Indiana pursuant to the Indiana Nonresident Motorist Statute, Burns' Indiana Statutes Annotated, § 47–1043 (1952 Replacement).

The matter is before the Court on plaintiff's objection to defendant's Third Defense, which defense asserts the following:

### Third Defense

Defendant further alleges and says that this Court has no jurisdiction over his person and that there has been no valid service of process upon him, for the following reasons:

1. Defendant has not been personally served with process in the State of Indiana.

2. On November 30, 1958, defendant was an unnaturalized alien residing in the State of Indiana.

3. Prior to the issuance of process in this cause defendant had become a resident of the State of Illinois.

4. On November 30, 1958, there was no statute in effect in the State

of Indiana permitting service of process upon a motorist who had been involved in an automobile accident who was a resident of said State at the time of such accident but who thereafter became a resident of another state and who was not personally served with process in the State of Indiana.

A hearing was held and the parties given additional time to submit affidavits upon the question of the residence of the defendant and any additional memorandum of authority on the question. Both parties having taken advantage of the opportunity by submitting additional authorities and/or affidavits, the question is now ready for disposition.

It is agreed by the parties, that at the time of the accident, the defendant was in the United States as a nonresident alien from Baghdad, Iraq, on a student visa issued by the United States Department of Immigration, for educational purposes.

According to the affidavit of the plaintiff's attorney, Phil M. McNagny, Jr., the records of the Registrar of Indiana Technical College, located in Fort Wayne, Indiana, reveal that Varther D. Andonian graduated from that college on August 22, 1958. Further, that the Registrar related to Mr. McNagny "that it was recommended to Varther D. Andonian at the time he graduated that he try to seek an extension on his visa so that he could get some practical experience."

The defendant, on September 2, 1958, took a position with the Highway Department in Morris, Illinois, and rented a furnished room in that city. Imogene Dodane, the defendant's landlady in Fort Wayne, Indiana, stated in an affidavit filed on behalf of the plaintiff herein, that:

"* * * (A)fter he (the defendant) moved to Illinois, because of sympathy, she permitted the said Varther D. Andonian to use the room he had formerly occupied, when he came to Fort Wayne on weekends to see and visit a girl friend he was courting. That in April or May of 1959 she refused to permit him to use the room any longer on his week end visits to Fort Wayne."

It is conceded by the defendant that the use of this room on week ends was rent free and that he relinquished the room and removed his belongings therefrom at the time of his marriage on April 25, 1959. At this time he and his wife moved to Morris, Illinois. He had previously contacted the Immigration authorities and advised them that beginning in 1959 he would reside in Morris, Illinois. The several affidavits also allege other factual matters, some consistent and others inconsistent with the defendant's assertion that his residence, as of November 30, 1958, was in Fort Wayne, Indiana, and that his residence, as of November 30, 1959, was in Morris, Illinois.

In 1959, subsequent to the accident here involved, but prior to the filing of this action, the Indiana State Legislature amended Section 47–1043 of Burns' Indiana Statutes Annotated. Prior thereto there was no statute in effect in the State of Indiana permitting service of process through the Secretary of State upon a motorist who had been involved in an automobile accident in this State while a resident hereof, but who, subsequent thereto, but prior to the institution of any suit arising out of the accident, became a resident of another State and who was never personally served with process in the State of Indiana. The amendment to Section 47–1043 provides, in pertinent part, as follows:

"The operation by a nonresident, *or by any resident of this state who may thereafter become a nonresident of this state,* or by his duly authorized agent, of a motor vehicle upon a public street or highway of this state shall be deemed equivalent to an appointment by such person of the secretary of state, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any

action or proceeding against him, growing out of any accident or collision in which such person may be involved while so operating or so permitting to be operated a motor vehicle on any such street or highway, and such operation shall be signification of his agreement that any such process against him, which is so served, shall be of the same legal force and validity as if served upon him personally." (Emphasis supplied to indicate new words added by the 1959 amendment.) (1960 Supplement).

From the foregoing, three legal questions present themselves, the decision of any one of which might be dispositive of the controversy herein. Briefly stated, these questions are:

1: At the time of the accident, November 30, 1958, was the defendant a resident of Illinois and thus subject to the provisions of Section 47-1043 of Burns' Indiana Statutes Annotated as in effect prior to the 1959 amendment thereto?

2: Assuming that the defendant was a resident of Indiana at the time of the accident, November 30, 1958, but prior to the commencement of this suit on November 30, 1959, became a nonresident of Indiana by virtue of taking up residence in Illinois, may the provisions of Section 47-1043 of Burns' Indiana Statutes Annotated, as amended in 1959, be retroactively applied so as to make valid the service of process upon the Secretary of State in connection with the institution of the instant suit?

3: Does the nonimmigrant alien status of the defendant, by virtue of his student visa, preclude him from being capable of acquiring a valid residence in either Indiana or Illinois, so as to make him subject to the nonresident provisions of Section 47-1043 of Burns' Indiana Statutes Annotated as in effect prior to the 1959 amendment thereto?

■ Assuming, without deciding, that the defendant, Andonian, was an Indiana resident at the time of the accident but prior to the institution of the present action became a resident of Illinois, this Court adopts the majority rule in this country to the effect that the Nonresident Motorist Act is jurisdictional in nature and in the absence of a clear intent on the part of the legislature that the Act be given retroactive effect, the Act will be deemed to act prospectively only. This view is best exemplified by the decisions cited by the defendant, and in particular, the following: Paraboschi v. Shaw, 1927, 258 Mass. 531, 155 N.E. 445; Schaeffer v. Alva West & Co., 1936, 53 Ohio App. 270, 4 N.E.2d 720; Davis v. Jones, 1956, 247 Iowa 1031, 78 N.W.2d 6. • The decision of the Illinois Supreme Court in Ogdon v. Gianakos, 1953, 415 Ill. 591, 114 N.E. 2d 686, in overruling the Illinois Appellate Court's decision which is found in 1953, 348 Ill.App. 576, 109 N.E.2d 628 is not persuasive and represents but a small, minority view.

However, this Court need not decide the issues presented in Questions No. 1 and No. 2 above for the reason that disposition of the issue presented in Question No. 3 is dispositive of the matter under consideration.

Admittedly, by defendant's own affidavit, his immigration status is to be determined by reference to Title 8 U.S.C.A., § 1101(a) (15) (F), wherein is found the definition of those classes of aliens who are nonimmigrant aliens, including those aliens who are in this country as bona fide students pursuing a full course of study. The definition in point as set forth by the statute provides:

"(15) The term 'immigrant' means every alien except an alien who is within one of the following classes of nonimmigrant aliens — * * *

"(F) an alien having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and who

seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study at an established institution of learning or other recognized place of study in the United States * *"

A review of the authorities which the research of the Court has produced, reveals that, as stated in 1 Barron and Holtzoff, Federal Practice and Procedure (1960), at page 384,

"An alien is districtless, and may be sued in any district in which he can be served with process."

A reference to three decisions selected from many, which, although involving the question of proper venue upon removal from a state court, nevertheless reiterate the above rule, will suffice here.

In H. G. Baker & Bro. v. Pinkham et al., D.C.E.D.S.C.1914, 211 F. 728, 730, it was stated:

"The provision, found in the statute, prescribing the district in which the suit is required to be brought, relates to venue and may be waived. An alien, if he come into the federal court, must sue in the district in which the defendant resides, or is an inhabitant. *He may be sued in any district in which he may be found or in which valid service may be made."* (Emphasis supplied.)

In Keating v. Pennsylvania Co., D.C.N. D.Ohio 1917, 245 F. 155, 160–161, the Court, in referring to the venue provision of the 1911 Judicial Code, held that:

"An alien, however, is not a citizen of any state  He is not, therefore, within the language of the section above quoted. The latter part of the quotation obviously does not apply to him, because he is not a citizen of any state. The first part does not apply to him, because the word 'inhabitant' as used therein, is held to be synonymous with the words 'citizen of a state,' as used in the latter part * * *.

"In Galveston, etc., R. R. Co. v. Gonzales, supra [151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 248], an alien

sued a corporation defendant in a district of which the defendant was not a citizen or inhabitant. Upon timely objection it was held that the corporation defendant could not be required to answer in the district of which it was not an inhabitant. *It was further held that an alien was not within the language of the latter part of the section above quoted, providing that an action might be brought in the district of the residence of the plaintiff. Logically it follows that an alien is not an inhabitant or a resident of any district.* (Emphasis supplied.)

"* * * (A)n alien * * * may be sued in any district in which he can be served with process."

A final decision to be noted was rendered by the late Judge Slick, the first occupant of this bench, in Niccum v. Northern Assur. Co., Ltd. et al., D.C.D. Ind. 1927, 17 F.2d 160, 163–164, wherein he stated:

"* * * (T)he statute providing that no action shall be brought against a person in any other district than that in which he is an inhabitant does not apply to an alien defendant, who may be sued in any federal district where he may be served with process. * * *

"If an alien sues a citizen, he must bring the suit in the district and division of which the citizen is an inhabitant; but, if a citizen sues an alien, he may bring the suit in any jurisdiction where the alien may be found or where service may be had."

From a study of the foregoing authorities, as well as others not cited herein, the Court cannot but conclude that the defendant Varther D. Andonian, owing to his status as a nonresident alien, could not acquire any residence in either Fort Wayne, Indiana, or Morris, Illinois, so long as he remained in this country on a student visa from his native homeland of Iraq. Further, that as regards the Indiana Nonresident Mo-

**82**

torist Statute, Section 47–1043 of Burns' Indiana Statutes Annotated, Varther D. Andonian, at the time of the accident involved herein on November 30, 1958, was a nonresident of Indiana. His operation of a motor vehicle upon the public streets and highways of Indiana constituted an appointment by him of the Secretary of State to be his true and lawful attorney, upon whom service of process in connection with the institution of the present suit was valid and had the same legal force and validity as if served upon him personally.

For these reasons it is hereby ordered that the defendant's Third Defense be, and the same is, hereby, stricken.