O'MARA v. ALBERTO-CULVER CO. ET AL.

[Cite as O'Mara v. Alberto-Culver Co., 6 Ohio Misc. 132.]

(No. A213224—Decided February 24, 1966.)

Common Pleas Court of Hamilton County.

*Messrs. Waite, Schindel, Bayless & Schneider* and *Mr. Stanley M. Chesley,* for plaintiff.
*Messrs. Rendigs, Fry, Kiely & Dennis,* for defendants.

BETTMAN, J.   This matter is before the court on the motion of one defendant to quash service of summons.   Service was properly made in accordance with the provisions of the new "long arm statute," Sections 2307.382 and 2307.383, Revised Code, which permit service of summons on the Secretary of State together with service by registered mail on manufacturers whose products are alleged to have caused tortious injury in this state even though they do not do business in Ohio.

The defendant admits service was in accordance with the statutes but contends that, since the statutes were not by their terms made retroactive, under the provisions of Section 1.20, Revised Code, they do not apply to causes of action arising before their effective date.

Section 1.20, Revised Code, provides:

"When a statute is repealed or amended, such repeal or amendment does not affect pending actions, prosecutions, or proceedings, civil or criminal. When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions, or proceedings, unless so expressed, nor does any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

In this case the alleged tort occurred April 7, 1965. Sections 2307.382 and 2307.383, Revised Code, became effective September 28, 1965, and the petition was filed October 28, 1965.

The case notes listed under Section 1.20, Revised Code, in Page's Ohio Revised Code Annotated are numerous and there is no value in going over them here. Boiled down they establish the following propositions:

1. When a law is repealed or amended the change does not affect proceedings then pending unless the repeal or amendment expressly so provides. *Buckeye Churn Co.* v. *Abbott* (1926), 115 Ohio St. 152; *Woodward* v. *Eberly* (1958), 167 Ohio St. 177.

2. Changes in the law dealing with substantive rights do not affect such rights even though no action or proceeding has been commenced, unless the amending or repealing act expressly so provides. *Luff* v. *State* (1925), 113 Ohio St. 379; *Cincinnati, H. & D. Rd. Co.* v. *Hedges* (1900), 63 Ohio St. 339.

3. A procedural change in the law applies to all proceedings commenced after its effective date even though the right or cause of action arose prior thereto. *Beckman* v. *State* (1930), 122 Ohio St. 443; *Smith* v. *New York Central Rd. Co.* (1930), 122 Ohio St. 45.

Some confusion between the above propositions two and three was introduced into the case law by the language in *Cincinnati, H. & D. Rd. Co.* v. *Hedges, supra,* that:

"We regard the principle of that section (now Section 1.20, Revised Code) as declaratory of the policy of our law, which forbids giving to a statute retroactive effect, *though remedial in character,* unless the act contains an express provision to that effect." (Emphasis ours.) (Cited in *Schlagheck* v. *Winterfield* (1958), 108 Ohio App. 299.)

"Remedial" ordinarily means pertaining to the remedy, hence procedural as opposed to substantive. However, in a broad sense remedial can also mean anything which remedies wrongs or abuses. This latter meaning is the only one which can be given the court's words quoted above. If by "remedial" the court meant "procedural" the decision would be in conflict with *Smith* v. *New York Central Rd. Co., supra.* Furthermore, the court's broad language in *Cincinnati, H. & D. Rd. Co.* v. *Hedges, supra,* is dictum. The change in the law there involved was in fact substantive rather than procedural—it changed the quantum of proof necessary for plaintiff to establish his case.

In the instant case Sections 2307.382 and 2307.383, Revised Code, deal with jurisdiction and process. They deal with the remedy or procedure, not with defendant's substantive rights. Consequently, they apply to suits filed after their effective date even though the cause of action arose before and despite the provisions of Section 1.20, Revised Code.

This same conclusion was reached in regard to the New York "long arm statute" in *Simonson* v. *International Bank* (1964), 251 N. Y. S. 2d 433; and *Longines* v. *Barnes & Reinecke* (1964), 251 N. Y. S. 2d 740.

*Motion overruled.*