**Herbert G. PARTIN and Mary L. Partin, Plaintiffs-Appellants,**

**v.**

**HASSAN MOTORS, INC., and Volkswagen of America, Inc., and Midwestern VW Corporation and Volkswagenwerk Aktiengesellschraft, Defendants-Appellees.**

**No. 17250.**

United States Court of Appeals
Sixth Circuit.

July 19, 1966.

William H. Fry, Ralph F. Mitchell, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, McCaslin, Imbus & McCaslin, Cincinnati, Ohio, Robert G. McIntosh, McIntosh & McIntosh, Cincinnati, Ohio, on docket, for appellees.

James S. Irwin, Millikin, Reister, Fitton, Latimer & Persson, Hamilton, Ohio, Pierce E. Cunningham, Cunningham & Cunningham, Cincinnati, Ohio, for appellants.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is an appeal from an order granting a motion to dismiss as to two of the four defendants involved. Defendants-appellees moved to dismiss this appeal on the grounds that the judgment from which the appeal is taken is not a final and appealable order.

The United States District Court for the Southern District of Ohio, John W. Peck, J., entered the following order:

"This action has been brought by the plaintiffs to recover damages allegedly suffered when due to a defect

therein their Volkswagen automobile, in which they were riding, suffered an accident. Joined as defendants are Hassan Motors, Inc. (the local Volkswagen agency which sold the vehicle in question to one of the plaintiffs), Midwestern VW Corporation (the distributor), Volkswagen of America, Inc. (the importer) and Volkswagenwerk Aktiengesellschraft (the manufacturer). The first two of these defendants have filed answers but the second two defendants have separately filed motions to dismiss as to them individually. It is with the two motions to dismiss that we are presently concerned.

"Both motions to dismiss are on the grounds that the moving defendants are corporations organized and existing under the laws of New Jersey and Germany, respectively, and that they have not properly been served with process in this action since neither is subject to service of process within this District.

"The affidavits filed in support of the motions established that neither movant had been doing business in the State of Ohio and service of summons could not therefore be accomplished under Section 1703.191, Ohio Revised Code.

"By supplemental memorandum plaintiffs argue that the present motions became moot on the enactment of Ohio Revised Code Sections 2307.-38.2 and 2307.38.3, commonly referred to as a 'long-arm' statute, under which alias service issued upon the moving defendants. Plaintiffs' argument in this regard is rejected on the ground that the effective date of the cited sections was subsequent to the accrual of plaintiffs' cause of action, the filing of their complaint, and to the filing of the two motions under consideration, and that they are without retroactive effect. Additionally, it is here determined that the 'long-arm' statute would be without present application because the injuries here complained of were suffered in the Commonwealth of Kentucky and the cause of action is therefore not within the contemplation of the Ohio legislation.

"IT IS, THEREFORE, ORDERED that the Motion to Dismiss as to the Defendant Volkswagen of America, Inc. and the Motion to Dismiss as to the Defendant Volkswagenwerk Aktiengesellschraft should be and they are hereby sustained, with notation of plaintiffs' exceptions."

Thus, this is an action involving multiple parties in which the district court has not adjudicated liability as to all the defendants. The district court did not make the determination and direction required for a final judgment under Rule 54(b), Federal Rules of Civil Procedure. In the absence of such a determination and direction, the order of the district court dismissing the action as to the two foreign corporations was not a final judgment within the meaning of 28 U.S.C. § 1291, and an appeal therefrom may not be taken at the present time. Gabbard v. Rose, 330 F.2d 705 (C.A.6).

The appeal is dismissed.