Genevieve **BAGSARIAN,** Plaintiff,

v.

**PARKER METAL COMPANY,**
Defendant.

No. C 67–393.

United States District Court
N. D. Ohio, E. D.

April 5, 1968.

James P. Hodsden, of Wallach, De-Vinne & Ledsky, Cleveland, Ohio, for plaintiff.

John B. Robertson, of Hauxhurst, Sharp, Mollison & Gallagher, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge:

This is a diversity case. Plaintiff alleges that she was severely injured on June 10, 1965, while using one of defendant's products. She alleges that these injuries occurred as a result of defendant's negligence in manufacturing the item, which was a clothesline hook, and also as a result of a breach of the warranty of fitness.

Plaintiff filed this action June 6, 1967. Service of process was attempted under Section 2307.383 of the Ohio Revised Code, commonly known as the Ohio Long-Arm Statute. This statute became effective on September 28, 1965, which was subsequent to the date on which plaintiff was injured, and prior to the date on which plaintiff attempted service of process.

Defendant, appearing specially for the purpose of contesting jurisdiction, has moved the Court to dismiss this action. Defendant asserts that the Ohio Long-Arm Statute cannot be used to effect service of process for causes of action which accrued prior to its effective date, that is, September 28, 1965. Defendant asserts that the service of process attempted in this case was, therefore, ineffective and that this court has no jurisdiction over the person of the defendant.

The sole issue presented in defendant's motion to dismiss is whether the Ohio Long-Arm Statute, Section 2307.381 et seq., Ohio Revised Code, can be utilized to obtain service of process in a case involving a cause of action which arose prior to its effective date.

Service of process in cases begun in the United States District Court will be effective, if similar service of process would be effective under the law of the state in which the court sits. Rule 4(d)(7), Federal Rules of Civil Procedure. This court must ascertain, therefore, whether, under the law of Ohio, the Long-Arm Statute may be utilized in situations in which the cause of action involved arose prior to the effective date of the statute and the case was filed subsequent to the effective date.

While there is a good deal of authority on this question, it appears to be divided almost equally. There are two reported Ohio Common Pleas decisions on the subject. O'Mara v. Aberto-Culver Co., 6 Ohio Misc. 132, 215 N.E.2d 735 (Common Pleas Ct., Hamilton Cty, 1966) held that the Long-Arm Statute *is* retroactive in application to causes of action ex-

isting on the effective date and not yet filed with any court. Bruney v. Little, 8 Ohio Misc. 393, 220 N.E.2d 446 (Common Pleas Ct., Belmont Cty, 1966) held that the statute is *not* applicable to causes of action accruing prior to its effective date. Counsel for the defendant has represented that there are four unreported Common Pleas Court cases in Cuyahoga County which also hold that the Long-Arm Statute is *not* retroactive to causes of action existing on its effective date.[1]

In addition to these Common Pleas decisions, the Court has been able to discover a number of unreported Ohio Court of Appeals decisions. Kilbreath v. Rudy (C.A. Franklin Cty, No. 8788) decided November 14, 1967, held that the Long-Arm Statute *is* retroactive to causes of action existing on its effective date. On the other hand, Lantsbury v. Tilley Lamp Co. (C.A. Cuyahoga Cty, No. 28085) and Wise v. Tilley Lamp Co. (C.A. Cuyahoga Cty, No. 28086) held that the Long-Arm Statute is *not* retroactive upon causes of action existing on its effective date.

There are also Federal decisions on the subject. In Busch v. Service Plastics, Inc., 11 Ohio Misc. 131, 261 F.Supp. 136 (N.D.Ohio 1966), the Honorable William K. Thomas of this court, citing the *O'Mara* case, supra, stated briefly that the Long-Arm Statute *is* retroactive upon causes of action existing on its effective date. On the other hand, the Honorable John W. Peck, at that time sitting in the Southern District of Ohio, in a brief order stated that the Ohio Long-Arm Statute is *not* retroactive. This decision is reported in Partin v. Hassan Motors, Inc., 363 F.2d 104 (6th Cir. 1966) which affirmed the order on other grounds.

The only other case this court has been able to discover relevant to the issue is American Compressed Steel v. Pettibone Mulliken Corp., 271 F.Supp. 864 (S.D.

Ohio 1967). In that case the parties were apparently so certain that the statute was retroactive that they stipulated this fact.

The Ohio Supreme Court has not spoken on this issue. However, the *Tilley Lamp* cases, supra, were certified to the Ohio Supreme Court on September 1, 1967 (S.C. Nos. 41080, 41081). As of this date, the Court has not decided these cases.

From the above, it is readily apparent that the authority on the issue presented here is almost evenly balanced. There is virtually an identical number of cases on each side.

■ Before proceeding further, two items should be noted. First, there is no problem of constitutional dimension involved here. A state may constitutionally give retrospective application to laws providing for service of process. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The question, then, is not whether the statute *can* have retroactive application, but rather whether it *does* so operate.

Second, it should be emphasized that the issue in this case is whether the statute has application to causes of action which accrued prior to the effective date of the statute, but which were *not* filed as a lawsuit prior to the effective date. We are not here concerned with a situation in which litigation was begun prior to the effective date of the statute. The law of Ohio draws a substantial distinction between these two situations.

■■ The Ohio Legislature, when it enacted the Ohio Long-Arm Statute, did not include therein any language expressing its intention with respect to whether the statute should be applied retroactively. Had the Legislature chosen to include such language, there is no question that it could legally have given the law retroactive effect. McGee v.

[1]. Broseke v. Myers Tire & Supply, Inc. (Common Pleas Ct., Cuyahoga Cty, No. 838,704); DeSantis v. Service Plastics, Inc. (Common Pleas Ct., Cuyahoga Cty, No. 810,886); Phoenix Ins. Co. v. Consolidated Heating & Air Conditioning (Common Pleas Ct., Cuyahoga Cty, No. 829,226); Consolidated Mutual Ins. Co. v. Consolidated Heating & Air Conditioning, Inc. (Common Pleas Ct., Cuyahoga Cty, No. 828,275).

International Life Ins. Co., supra. Since, however, the Legislature did not express its intent, this court must determine whether the Ohio courts would construe the statute to operate retroactively or prospectively only.

Ohio has a statute to be used in construing the legislative intent on the subject of retroactivity. Section 1.20, Ohio Revised Code, states:

"When a statute is repealed or amended, such repeal or amendment does not affect pending actions, prosecutions, or proceedings, civil or criminal. When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions, or proceedings, unless so expressed, nor does any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The language in this statute is rather ambiguous, and the courts of Ohio have often been called upon to interpret its provisions. The important case in this area is Smith v. The N. Y. C. Ry. Co., 122 Ohio St. 45, 170 N.E. 637 (1930). The Supreme Court in that case interpreted Section 1.20 as providing that (in the absence of an expressed intention to the contrary) the repeal or amendment of a statute has *prospective* effect only and does not affect pending *actions*; nor does such an amendment or repeal affect pending *causes of action* which have not yet become actions.

■ The Court, however, construed Section 1.20 as providing one exception to this general rule. With respect to remedial legislation, i. e., repeals or amendments which "relate to the remedy," these are applicable to pending *causes of action*, although they do not affect pending *actions*. Thus, under the interpretation given to Section 1.20 by the Ohio Supreme Court, all statutes operate prospectively only (unless a contrary intention is expressed in the legislation) ; but this general rule is qualified by one exception, which is that remedial

legislation operates retroactively on pending causes of action.

Is the Long-Arm Statute substantive or remedial legislation? The courts which have considered this question have disagreed. The O'Mara case, supra, held that the Long-Arm Statute was remedial, stating that the statute deals only with the remedy or procedure for enforcing a right as opposed to substantive rights themselves. The Bruney case, however, after stating that the Long-Arm Statute was in part remedial and in part substantive, treated the statute as substantive.

■ This court is of the opinion that the Ohio Long-Arm Statute is remedial legislation. Statutes relating to service of process and venue have generally been held to be remedial legislation. For example, in Ward v. Swartz, 25 Ohio App. 175, 158 N.E. 318, (C.A. Sandusky Cty, 1927), an Ohio court held that a statute providing for service of process and venue in cases involving out-of-county motorists was remedial legislation. The Court noted that the statute did not affect the cause of action itself, but only affected where the suit could be brought.

■ This decision is consistent with most judicial statements concerning the definition of remedial legislation. A remedial statute is generally defined as one which neither enlarges nor impairs substantive rights, but rather relates to the means and procedure for enforcing those rights. McGee v. International Life Ins. Co., supra. Ohio applies this definition:

"It is doubtful if a perfect definition of 'substantive law' or 'procedural or remedial law' could be devised. However, the authorities agree that, in general terms, substantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcements of rights or obtaining redress." State ex rel. Holdridge v. Industrial Comm., 11 Ohio St.2d 175, 228 N.E.2d 621 (1967).

While the distinction between remedial and substantive legislation is rather un-

certain, the Court is not required to indulge in these vagueries in the present case. It is plain from the above that the Ohio Long-Arm Statute is remedial legislation. Indeed, the United States Supreme Court, considering similar legislation, has so held. McGee v. International Life Ins. Co., supra.

If Section 1.20 were applicable to the instant case, it is apparent that the Ohio Long-Arm Statute could be utilized by the plaintiff here. The Long-Arm Statute is remedial legislation; and, as outlined above, no legal proceedings were instituted prior to the effective date of the statute. If Section 1.20 were applicable, the result in this case would be clear.

Section 1.20, however, on its terms applies only to situations involving an amendment or repeal of a statute. The Ohio Long-Arm Statute is not an amendment or repeal, but is entirely new legislation. We are relegated, therefore, to a determination of the Ohio common law rules for construing the legislative intent with respect to retroactivity.

■■ The general common law rule is that the statutes are construed to have a prospective effect only; a retroactive construction is not favored in the law. 82 C.J.S. Statutes § 414. There is an exception, however, to this general common law rule: Statutes merely affecting the remedy or procedure apply to causes of action which accrued before the effective date of the law. 82 C.J.S. Statutes § 421.

Ohio adheres to the general common law preference against retroactivity. Buckeye Churn Co. v. Abbott, 115 Ohio St. 152, 152 N.E. 391 (1926). Does it follow the exception?

There is sparse authority on this point in the Ohio decisions. Cincinnati, H. & D. Ry. Co. v. Hedges, 63 Ohio St. 339, 58 N.E. 804 (1900) contains an early dictum on the subject. The case involved substantive legislation which became effective subsequent to the date plaintiff's cause of action accrued, but prior to the date suit was commenced. The Court stated that " * * * The policy of our law * * * forbids giving to a statute retroactive effect, though remedial in character, unless the Act contains an express provision to that effect."

Of course, this statement in the *Cincinnati Railroad* case was purely dictum. Yet, it implies that Ohio does not recognize the common law exception which provides retroactive effect to remedial legislation.

Since the *Cincinnati Railroad* case, however, the Ohio Supreme Court has made a number of statements which indicate that Ohio *does* follow the common law exception providing a retroactive construction for remedial legislation. Elder v. Shoffstall, 90 Ohio St. 265, 107 N.E. 539 (1914); Smith v. The N. Y. C. Ry. Co. supra, State ex rel. Holbridge v. The Industrial Comm. of Ohio, 11 Ohio St.2d 175, 228 N.E.2d 621 (1967). These cases all involved amendments or repeals of legislation. They were, therefore, concerned with an application of Section 1.20, Ohio Revised Code. In each instance, however, the Court speaks in very broad terms concerning remedial legislation *in general,* and in each case the Court, through its syllabus, states that laws of a remedial nature are applicable to all proceedings commenced after the adoption of such laws. These statements are not limited to repeals or amendments of a remedial nature. They are phrased in terms of applicability to *all* laws of a remedial nature.

These more recent pronouncements by the Supreme Court of Ohio indicate that the dictum in the *Cincinnati H. & D. Ry* case is no longer the law of Ohio. Indeed, the Court in a more recent dictum has followed the common law exception with respect to remedial legislation.

In Beckman v. State, 122 Ohio St. 443, 5 N.E.2d 482 (1930), the Supreme Court applied the principal of the *Smith* case, supra, that remedial legislation has a retroactive application to existing causes of action. The Court stated that this is the *general rule with respect to remedial legislation* and that it had been the gener-

al rule even before the enactment of Section 1.20.

It appears, therefore, that the dictum in the *Cincinnati H. & D. Ry* case is no longer followed in Ohio. Ohio recognizes the exception to the general common law rule against retroactivity. Ohio will apply remedial legislation to causes of action existing on the effective date of the legislation.[2] The Court, therefore, concludes that Ohio would permit service of process under the Ohio Long-Arm Statute for causes of action which accrued prior to September 28, 1965.

This conclusion is supported by a majority of courts which have considered this issue in other states. Most state courts which have considered the question of the retroactivity of their Long-Arm Statutes have applied them to causes of action existing on the effective date of the legislation. See cases cited in Gerald H. Rubin, "Interpretive Problems of Ohio's Long-Arm Statute," 19 Case Western Reserve Law Review 347 (1968), f. n. 73.

Defendant, in its brief, has relied heavily on the case of Shaeffer v. Alva West & Co., 53 Ohio App. 270, 4 N.E.2d 720 (C.A. Montgomery Cty, 1936). The case involved the application of Section 2703.20, Ohio Revised Code (formerly Section 6308–1, General Code), which provides for substituted service of process upon non-resident owners of motor vehicles. That section provided in part:

"Any nonresident of this state * * * who accepts the privilege * * * of operating a motor vehicle * * * within this state * * * by such

acceptance * * * and by the operation of such motor vehicle within this state makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit * * * arising out of * * * any accident or collision occurring within this state in which such motor vehicle is involved."

Section 6308–2 of the General Code then provided that process should be served upon the Secretary of State, and upon the defendant by registered mail.

The Court in *Shaeffer* held that the statute could not be applied to causes of action existing on its effective date. In reaching this conclusion, it relied upon two factors. It first noted the general policy of the law against giving statutes a retroactive effect. In this connection, it relied upon the *Cincinnati H. & D. Ry* case, supra. The Court did not recognize any distinction between substantive and remedial legislation. Such a consideration was irrelevant, because the *Cincinnati Railroad* case, as we have seen, drew no distinction between these types of statutes.

This basis for the Court's opinion in *Shaeffer* is no longer the law of Ohio. As noted above, cases subsequent to the *Cincinnati H. & D. Ry* case have, by implication, rejected the rule set down there and have recognized a distinction between substantive and remedial legislation.

The second ground relied upon in the *Shaeffer* case was an interpretation of the statutory language itself. The Court emphasized that under the provisions of the statute, the act of driving a motor vehicle within the state of Ohio was the

---

2. The Court notes that there are two cases, involving substantive legislation which was neither an amendment nor a repeal of earlier legislation, which have held that the principle of Section 1.20 is inapplicable to such legislation. See Wheeling & Lake Erie Ry. Co. v. Toledo Ry. & Terminal Co., 72 Ohio St. 368, 74 N.E. 209 (1905); Gulf Refining Co. v. Evatt, 148 Ohio St. 228, 74 N.E.2d 351 (1947). The statutes in question in these cases were substantive; the Court applied them retroactively. This court expresses no opinion as to the rule in Ohio with respect to such original substantive legislation. The rule in this regard appears to be unclear. In any event, these two cases are not relevant to the issue here, since the Court has determined that whether or not Section 1.20 is applicable, Ohio has a common law rule providing for the retroactive application of remedial legislation.

element which constituted the Secretary of State the driver's agent for service of process. Emphasizing this legal fiction, the Court reasoned that until the Secretary of State was empowered to become the driver's agent, i. e., after the effective date of the statute, Ohio would have no jurisdiction over the driver. In other words, at the time the driver was present in the state, the Secretary of State had no power to become his agent; and, thereafter, when the Secretary of State acquired this power, the driver was no longer present. Under the Court's interpretation of the statute, the driver's presence in the state permitted the creation of the jurisdictional agency; and since the driver was never present at a time when the Secretary of State was authorized to become an agent, the jurisdictional agency could never be created.

A number of cases, construing statutes very similar to the Ohio substituted service statute for motorists, have arrived at a similar conclusion on similar grounds. See Krueger v. Rheem Mfg. Co., 149 N.W.2d 142 (Iowa 1967).

The *Shaeffer* rationale, based upon an interpretation of the statutory language, is not applicable to the Ohio Long-Arm Statute. Indeed, if an emphasis upon the legal fiction behind substituted service is relevant, it supports this court's conclusion that the Long-Arm Statute is retroactive upon causes of action existing on its effective date.

Section 2307.382 (the Ohio Long-Arm Statute) provides: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: * * *." (Here follows a list of assorted activities.) Section 2307.383 provides that: "When personal jurisdiction is authorized by Section 2307.382 * * * service of process may be made * * * on the secretary of state who, for this purpose, shall be deemed to be the statutory agent of such person."

The Legislature chose to use different language in the Ohio Long-Arm Statute from the language it used in the statute pertaining to substituted service on motorists. Under the Long-Arm Statute a court acquires personal jurisdiction over a defendant if he commits one of the enumerated acts within the state of Ohio. The Secretary of State is "deemed" to be the statutory agent of the defendant for service of process. The fiction relied upon in the *Shaeffer* case, on the other hand, which provided that the defendant leaves a continuing presence within the state in the person of his statutory agent (the Secretary of State), is not emphasized in the Long-Arm Statute.

The reasoning relied upon in the *Shaeffer* case has no application to the Ohio Long-Arm Statute. Indeed, differences between the two statutes would indicate, if anything, that the Legislature was seeking to reverse the result in the *Shaeffer* case. In any event, defendant's reliance on *Shaeffer* is not justified.

This court, therefore, holds that the Ohio Long-Arm Statute is applicable to causes of action which arose prior to its effective date and which were not, on the effective date, the subject of the litigation in any court.

Defendant's motion to dismiss is, therefore, overruled.