303 So.2d 41 (1974)
Sanford RATNER, D/B/a Interama Distributors, Appellant,
v.
Willa Mae HENSLEY, Appellee.
Nos. 74-132, 74-133.
District Court of Appeal of Florida, Third District.
November 12, 1974.
*42 Gladson & Knecht, Coral Gables and Daniel J. Sullivan, Miami, for appellant.
William A. Daniel, Jr., and Leon M. Firtel, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and RAWLS, JOHN S., Associate Judge.
PEARSON, Judge.
The appellant, Sanford Ratner, who was sued as Sanford Ratner, doing business as Interama Distributors, has filed two notices of appeal. The first is from an order vacating a summary final judgment for the defendant Ratner and the second is from a summary final judgment for the plaintiff, Willa Mae Hensley. The appeals have been consolidated for all appellate purposes. Appellee, Hensley, secured a judgment *43 against Sanford Ratner, doing business as Interama Distributors, in the Berkeley County Civil Court of South Carolina. The present action, brought in a circuit court of this State, concerns that foreign judgment. The controlling question on appeal appears to be whether a defendant may raise in an action brought in this State on a foreign judgment the alleged illegality of the process for constructive service which has been held good by the South Carolina court. We hold that the validity of process is a matter essential to the jurisdiction over the defendant of the South Carolina court and that it may be raised in this State in an action to enforce the South Carolina judgment.
The action brought in South Carolina alleged that the plaintiff there, appellee here, was injured by a negligently manufactured product marketed by Sanford Ratner under the business name of Interama Distributors. The South Carolina judgment, which was attached to the complaint in Florida, recites that:
"This action was originally commenced by the service of the Summons, Complaint not served, on the Defendant on September 15, 1972, by Certified Mail, Return Receipt Requested in accordance with § 10.2-803 and § 10.2-806 of the Code of Laws of South Carolina, 1962, as amended. The Exhibits filed by the Plaintiff show that the correspondence was directed to be delivered to the addressee only who was Sanford Ratner, Interama Distributors, 2053 N.W. 141st Street, Opa-Locka, Florida 33054. Subsequent to the commencement of this suit, on October 31, 1972, the Plaintiff forwarded a copy of her Complaint to the Defendant and his attorney with whom the Plaintiff's counsel had been corresponding."
* * * * * *
The judgment then proceeds with the recital of the entry of the default against Sanford Ratner and a hearing at which evidence was taken. The hearing resulted in a finding that Ratner was doing business as Interama Distributors in the state of South Carolina. A further finding on the merits of the plaintiff's claim was made and judgment was entered in favor of the plaintiff against the defendant for damages in the amount of $10,000, plus costs.
The appellant Ratner, as defendant in the Florida court, answered the complaint denying the allegations and presenting affirmative defenses in which he alleged that constructive service upon him was purportedly obtained under § 10.2-803 of the Code of Laws of South Carolina, 1962, and that the only applicable subsections, namely 10.2-803(1)(c) and 10.2-803(1)(d), had been expressly declared unconstitutional by the United States District Court of the District of South Carolina before the alleged cause of action arose. In addition, the affirmative defenses raised the issue of proper notice to Ratner of the subject matter of the suit and the absence of an opportunity to defend at the hearing on damages, notice of which it is alleged is provided for by the South Carolina law. An additional affirmative defense denies the existence of a legal entity known as Interama Distributors.
Each party moved for summary judgment. Initially, the court granted defendant's motion but thereafter entered the first order appealed from which vacated the summary judgment for the defendant Ratner. Subsequently, the court entered the summary judgment for the plaintiff for the full amount of the foreign judgment, plus interest.
On this appeal, appellant urges that a genuine issue of material fact exists as to his defense that the South Carolina court did not have jurisdiction to enter the judgment which is the basis of the Florida suit.[1]
*44 Initially, we point out that it has been held that even though both parties move for summary judgment, the court may not enter a summary judgment if a genuine issue of material fact exists. Francis v. General Motors Corporation, Fla.App. 1973, 287 So.2d 146.
The courts of this State are bound to give full faith and credit to a judgment of a sister state. Workingmen's Co-Operative Bank v. Wallace, 151 Fla. 329, 9 So.2d 731 (1942). This rule is subject to the principle that the courts of this State are not required to recognize the judgment of another state where the judgment was rendered by a court without jurisdiction or where it was obtained by extrinsic fraud. Haas v. Haas, Fla. 1952, 59 So.2d 640, 642. This principle is in turn subject to the limitation that if the court of the state which rendered the judgment has expressly litigated the jurisdictional question or the matter of fraud that the determination becomes res judicata on this point and is, itself, protected by the full faith and credit clause of the Constitution of the United States, Article IV, § 1. Therefore, a jurisdictional question cannot be relitigated a second time in another state. Haas v. Haas, supra, at 642.
A party may raise an issue of foreign law. Movielab Inc. v. Davis, Fla. App. 1969, 217 So.2d 890. Therefore, we conclude that the appellant properly raised the question of jurisdiction where that question was based on the law of South Carolina. Neither party has proved that law, and the burden will therefore be upon the defendant to establish his affirmative defense. But, at the hearing on plaintiff's motion for summary judgment it was necessary for her to come forward with sufficient proof to establish that no genuine issue existed as to the defense of lack of jurisdiction.
The appellee urges that the factual question of whether the jurisdiction of the appellant was secured by the South Carolina court is a straw issue. In argument, the appellee admits that the South Carolina constructive service law in existence at the time of the accrual of the action was declared unconstitutional prior to the service of process upon the appellant in the South Carolina action. But, appellee urges that the possible unconstitutionality of the South Carolina constructive service statute is not important because prior the service of process in the South Carolina case, the indentical South Carolina constructive *45 service law was reenacted with appropriate notice and that such service is therefore valid under the new law.
The argument raises a collateral question: May a constructive service statute be given retroactive effect to the extent that it covers a service made subsequent to its passage but concerning a cause of action that arose prior to its passage? We think it can be given such effect. Gordon v. John Deere Company, 320 F. Supp. 293 (N.D.Fla. 1970). A statute providing for a constructive service of process is a procedural law. It may be given effect as a remedial statute to give jurisdiction to a court that did not have jurisdiction at the time the cause arose. Ordinarily, granting jurisdiction to a court in a cause that had previously arisen because certain things had been done that were described in the new law would be giving the newly enacted statute the effect of unfair retroactive legislation. However, some retroactive legislation is valid. Reasonable regulation of the police power may include the alteration or modification of remedies in force at the time a contract is entered into. See State ex rel. Van Ingen v. Panama City, 126 Fla. 776, 171 So. 760 (1937) and Springer v. Colburn, Fla. 1964, 162 So.2d 513.
The South Carolina legislation in question here dealt with the procedural matter of service of process. While it is true that substantive rights are fixed as of the time the cause arose, the rights relative to procedural matters are determined by the law in force at the time the action is brought. Kilian v. Allegheny County Distributors, Inc., 409 Pa. 344, 185 A.2d 517 (1962). Though defendant's vested rights protect him from being subjected to the retroactive application of statutes creating new causes of action, he does not have a vested right to be protected from suit in a particular forum on an existing cause of action. The South Carolina statute does not create a new cause of action but simply sets forth procedure to be employed in obtaining redress for breach of preexisting duties. A statute is not retroactive merely because it depends on antecedent facts for its operation. Chovan v. E.I. DuPont de Nemours & Co., 217 F. Supp. 808 (E.D. Mich. 1963).
Here, we find that defendant's substantive rights are not at issue. We hold the statutes at issue in this case can, and do, apply to a suit filed subsequent to the effective date of the legislation even though the cause itself arose prior to such legislation. See O'Mara v. Alberto-Culver Co., 35 Ohio Op.2d 30, 6 Ohio Misc. 132, 215 N.E.2d 735 (1966). See especially Justice Schaefer's discussion in Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957).
We hold therefore that the passage of the South Carolina constructive service law after the date of plaintiff's injury but prior to the suit and the issuance of process is sufficient to confer jurisdiction on the South Carolina court. This record does not reflect the South Carolina law or the reenactment of the constructive service statute as argued in appellee's brief; therefore, we cannot decide that as a matter of fact no genuine issue existed.
The remaining question is whether or not this record shows that the question of jurisdiction over the defendant Ratner was litigated in South Carolina. Our examination of the record reveals that it is not shown to have been litigated in that state. Therefore, because the appellant was entitled to raise the question of jurisdiction and the record does not conclusively show that the question was litigated in the South Carolina courts, the summary judgment for the plaintiff was improperly entered.
Other points are presented which we need not consider in light of our holding that a genuine issue of material fact existed. For the purpose of shortening the litigation, we point out that appellant's defense that there is no legal entity known as *46 Interama Distributors is insufficient as a matter of law. "After all, a name is but the designation of a person, a means of identification ..." In re Adoption of Long, Fla. 1952, 56 So.2d 450. Also see Young v. Jewell, 201 Mass. 385, 87 N.E. 604 (1909); Presley v. Wilson, Tex.Civ. App. 1939, 125 S.W.2d 654. As well, the record indicates that the court found sufficient evidence to adduce that the appellant was doing business as Interama Distributors.
Accordingly, the first order that vacated the summary final judgment for the defendant is affirmed. The second order which entered summary judgment for the plaintiff is reversed. The cause is remanded with directions to the court to take such proceedings as are proper in light of this opinion.
Reversed and remanded.
NOTES
[1] * * * *
"4. The court below was without jurisdiction to render judgment against the defendant. The alleged final judgment sued upon herein was void ab initio, and of no effect, since personal service on the defendant was purportedly obtained under Section 10.2-803 of the Code of Laws of South Carolina, 1962, as amended, the only applicable subsections of which, namely 10.2-803(1)(c) and 10.2-803(1) (d) had been expressly declared unconstitutional by the United States District Court, District of South Carolina, Columbia Division, one week before the alleged cause of action arose. At no time did defendant enter an appearance in said South Carolina action sued upon.
"5. The complaint affirmatively shows by Order of Judgment attached that the suit as prosecuted in South Carolina violated the due process clauses of the United States Constitution and the Constitution of the State of Florida for the reason that no notice of hearing for trial was ever given to the defendant relative to the damages claimed, and, therefore, the defendant had no opportunity to contest the damages claimed.
"6. The Berkeley County Civil Court was without authority to enter an order of judgment because it failed to follow the Laws of South Carolina. Specifically, a hearing on the merits of the cause herein was held on November 28, 1972 without notice to the defendant and the judgment entered on December 8, 1972 was based on said hearing. Section 10-641 of the Laws of South Carolina, 1962, as amended, provides that an answer to a complaint need not be served before 20 days after service of the complaint, and the pleadings show that the complaint was mailed to defendant on October 31, 1972. Further, Section 10-1203 provides that the adverse party shall be entitled to 10 days notice prior to any hearing in chambers. Moreover, in the case of an application for judgment, the notice shall not be made until after the time for answering or making return has expired. Since the plaintiff's own pleadings demonstrate that the hearing of November 28, 1972 not only was not duly noticed, but premature, the judgment based thereon was unlawful under the laws of South Carolina and, therefore, unenforceable under Florida law."
* * * * *